SAMUEL HUDSON, Executor of James Herriet, v. SOLOMON WETHERINGTON and others.

*Practice—Right to open and conclude—Affirmative Issue.*

1. The affirmative of an issue " Did plaintiff's testator pay or purchase the note" in suit, is upon the plaintiff.

2. The rule that a party alleging an affirmative is bound to prove it, means the affirmative of any matter the truth of which is essential to his case.

3. Where the Court below ruled that the affirmative of the issues was upon the defendant and required him to open the case by introducing evidence and then allowed the plaintiff to open and conclude the argument, he having also introduced evidence ; *Held* to be error.

(*Neal* v. *Fesperman,* 1 Jones 446 ; *McRae* v. *Lawrence,* 75 N. C. 289 ; *Churchill* v. *Lee,* 77 N, C. 341, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1878, of JONES Superior Court, before *Kerr, J.*

The facts bearing upon the point decided appear in the opinion. Verdict and judgment in favor of plaintiff. Appeal by defendant.

*Mr. A. G. Hubbard,* for plaintiff.
*Mr. H. R. Bryan,* for defendant.

FAIRCLOTH, J. The note sued on was payable to Clark, and the plaintiff alleged that his testator, Herriet, was the owner thereof for value. This was denied by the defendants, who also alleged that it had been paid. The only issues of fact submitted to the jury were:—

" 1st. Did plaintiff's testator pay or purchase the note?' Ans.—He purchased it.

2d. Has the note been paid ? Ans.—No."

The findings of the jury on these issues are not review-

able in this Court, and we have nothing to consider except a plain question of practice, there being no exception to the charge of the Court in any other respect. His Honor held that the affirmative was on the defendants, and required them to open the case to the jury by introducing evidence, and then allowed the plaintiff to open and conclude the argument, he having also introduced evidence. The defendants objected to this mode of proceeding, and we think their objections were well taken. *Ei incumbit probatio qui dicit, non qui negat.* Evidently the burden of proof on the first issue was on the plaintiff, for without proof on eith erside he would not have been entitled to a judgment, and this is the test in such cases. When both parties introduced evidence in a case like the present, the plaintiff opens and concludes the argument. The rule that the party alleging an affirmative is bound to prove it, does not mean an affirmative in form merely, but the affirmative of any matter or relation, the truth of which is essential to the allegant's case.

These rules are important, manifestly convenient, and are agreeable to the suggestions of natural reason; but as they have been so often and so recently declared, we are content with a reference to a few authorities only. 1 Greenl. on Ev. § 74; Starkie on Ev. 585, 595, 10th Am. Ed. *Neal* v. *Fesperman,* 1 Jones 446; *McRae* v. *Lawrence,* 75 N. C. 289; *Churchill* v. *Lee,* 77 N. C. 341 ; *Phelps* v. *Hartwell,* 1 Mass. 71; *Costigon* v. *R. R. Co.,* 2 Denio, 609.

Let this be certified.

Error.

PER CURIAM.                                        Judgment reversed.