WILEY J. ZACHARY v. T. C. PHILLIPS and JAMES WILSON.

*Evidence—Partnership—Payment—Burden of Proof.*

1. A letter written by one who was sued with another as partner, and which had the alleged firm name subscribed, and which referred to the subject of the controversy, although addressed to a third party, is competent upon an issue as to the existence of the partnership.

2. Where the existence of the partnership was denied by both persons who were alleged to constitute it, but one admitted the contract sued on, but pleaded payment: *Held*, that the issue in respect to the existence of the partnership being found against defendants, the rule imposing the burden of proving payment upon him who pleaded it was applicable to both.

This is a CIVIL ACTION, which was tried before *MacRae, J.,* at March Term, 1888, of BUNCOMBE Superior Court.

The following is the case settled on appeal:

" Plaintiff sought to recover of the defendants the price of certain beef cattle alleged to have been sold by him and delivered to defendants as partners in trade, and a sum of money advanced by plaintiff to defendants to pay the freight on said cattle, all of which plaintiff alleged that defendants promised to pay.

The defendants denied that they, as partners, had pur-chased the cattle from plaintiff, but admitted that the defend-ant Phillips had made the purchase at the price set forth in the complaint, and alleged that he, Phillips, had paid all of it. They denied that any money was advanced to them to pay freight.

The following issues were agreed upon and submitted to the jury :

1. Were the defendants partners in the purchase of the cattle as alleged ?

2. Has defendant Phillips paid plaintiff for the cattle, or any part thereof; if so, how much ?

3. Are the defendants, or either of them, indebted to plaintiff for money advanced to pay for freight; if so, how much ?

Plaintiff testified that the defendants had given him a letter to one Dan. Phillips, object being to prove partnership in the purchase of the cattle, the letter being signed 'T. C. Phillips and Wilson '

Defendants objection to its reception was overruled, and they excepted. It was not contended that defendant Wilson had ever paid any of the sum demanded—the contention being that he was not a partner and not liable in any event.

The Judge charged the jury that, as to the first and third issues, the burden was upon the plaintiff, and as to the plea of payment, the second issue, that the burden was upon the defendants.

There was no objection made to the charge until after the verdict, when defendants excepted to the instruction given on the second issue, insisting that as to defendant Wilson the burden on all the issues was upon the plaintiff.

The jury rendered a verdict in response to the—

First issue, ' Yes.'

Second issue, ' Yes, $100.'

Third issue, ' Yes, $15.'

ZACHARY *v.* PHILLIPS.

Rule for a new trial for errors alleged. Rule discharged. Judgment for plaintiff. Defendants appealed."

*Mr. Geo. A. Shuford,* for the plaintiff.

*Messrs. E. C. Smith* and *Theo. F. Davidson,* for the defendants.

MERRIMON, J.   The plaintiff testified that he received the letter objected to on the trial from the defendants—from one as much as from the other, and from both—and no objection was made that he did not receive it from the defendant Wilson.   It purported to be the letter of both, had reference to the beef cattle mentioned, and their joint business and liability in that respect.   It was therefore some evidence of such partnership of the defendants as that alleged, subject to explanation and contradiction by controverting evidence,

The objection to the instruction of the Court to the jury was unfounded.   It was not contended, in the answer or on the trial that the defendant Wilson paid anything on account of the indebtedness alleged in the complaint—it was denied that he was a partner and at all liable.   The second issue fully embraced the question raised by the pleading as to payment.   The burden of proof as to that was plainly on the defendant Phillips, and as well on the other defendant if he insisted on the defence of payment.

There is no error.                       Affirmed.