### McBRAYER v. HAYNES.

(Filed May 12, 1903.)

CHATTEL MORTGAGES—*Priority—Parties—Burden of Proof—Payments—Intervenor.*

> The holder of a first chattel mortgage who is sued by a junior mortgagee for the mortgaged property does not occupy the position of an intervenor, and the burden of showing that the first mortgage has been paid is on the holder of the second mortgage.

Action by T. C. McBrayer against R. R. Haynes, heard by Judge *E. B. Jones* and a jury, at March Term, 1903,

of the Superior Court of Rutherford County. From a judgment for the plaintiff, the defendant appealed.

No counsel for the plaintiff.
*McBrayer & Justice,* for the defendant.

Walker, J. The plaintiff brought this action against the defendant for the recovery of two mules, and alleged that he was entitled to them by virtue of two mortgages executed by one J. C. Phillips to him. The defendant denied the plaintiff's title and right of possession and averred that J. C. Phillips had, prior to the date of his mortgages to the plaintiff, executed two mortgages to the Gaffney Live Stock Co. for the same mules to secure a debt due by him to said company, which were registered before those of the plaintiff. These mortgages of Phillips to the Live Stock Co. were duly assigned to the defendant. The plaintiff alleged that the debt secured by them had been paid and that the mortgages being thereby satisfied he was entitled to recover under the mortgages made to him. Upon the issue thus raised between the parties, the court instructed the jury to find as a fact whether the mortgages, under which both claimed, embraced the same mules, and to find further whether the mortgages, under which the defendant claimed, had "been paid off and discharged as contended by the plaintiff," the defendant contending that they had not been discharged. The court further charged the jury that the defendant occupied the position of an intervenor, and in that capacity he asserts his title to be superior to that of the plaintiff, and that the defendant must satisfy them by the greater weight of evidence that he purchased the notes and mortgages from the Live Stock Company and that the same are still due and unpaid, and, if he had so satisfied the jury, they should answer the first issue no; and if they find that the notes and mortgages had been paid they should answer the issue yes. If they answered the

issue no, the plaintiff would not be entitled to recover.   The first issue was in the following form:   "Have the notes and mortgages executed by Phillips to the Gaffney Live Stock Co. been paid?"

We think that the latter part of this instruction was erroneous.   The defendant was not an intervenor in any view of the case.   He was brought into court by the plaintiff and called upon to defend his title, and he did not, as the court supposed, come in voluntarily and assert ownership to the property.   The court correctly charged the jury to find as a fact whether the defendant's mortgages conveyed the property in dispute, and then to find further whether they had been discharged by payment of the debts secured by them "as contended by the plaintiff."   The error consisted in imposing the burden of proof as to the fact of payment upon the defendant.   When the defendant introduced the mortgages, under which he claimed the mule, and showed that the mules were conveyed by these mortgages, he was entitled to recover unless the plaintiff could show that the debt secured by the mortgages had been paid.   The burden of establishing the plea or allegation of payment is always on him who relies upon it.   *Zachary v. Phillips,* 101 N. C., 574; *Stronach v. Bledsoe,* 85 N. C., 473; *Bank v. Walker,* 121 N. C., 115; *Hudson v. Wetherington,* 79 N. C., 3.

It is familiar learning and a maxim of the law that the burden of proof rests, not upon him who denies but upon him who affirms, and the form of the issue can make no difference in the application of the principle.   If the affirmative of the issue is really with a party and it is esential that he should establish it in order to recover, the burden of proof is necessarily upon him.   *Hudson v. Wetherington,* 79 N. C., 3.   If a party would avoid the legal effect upon his fortunes in a case of any admitted fact, or confessed, or established by his adversary, the burden of course is upon him to

do so.   *McQueen v. Bank,* 111 N. C., 509; *Mitchell v. Whit-lock,* 121 N. C., 166; *Ferree v. Cook,* 119 N. C., 161.

The court had charged the jury with reference to the plaintiff's right to recover, as follows: "The court charges you that if the plaintiff has shown by the greater weight of evidence that the mules in controversy are the same mules conveyed in the mortgages executed by J. C. Phillips to the plaintiff, then the plaintiff has made out a *prima facie* case, and nothing else appearing would be entitled to recover." Why was not this same rule applicable to the defendant's position when he had introduced his mortgages, which antedated those of the plaintiff? He was equaly entitled to recover, unless the plaintiff could avoid the legal consequences of this proof. When the plaintiff introduced his mortgages *and* showed that they conveyed the property in dispute, the burden then rested on the defendant to meet the case thus made by the plaintiff and assail his title, or show that he, the defendant, had a better title. When he introduced his mortgages and showed that they covered the property, he thereby proved a better title than that of the plaintiff, who derived his title under mortgages of a subsequent date, and the burden therefore shifted back to the plaintiff to impeach the defendant's title by showing payment of the debt secured by his mortgages, or in some other way.

But it seems to us that the very question now presented was decided in *McIver v. Smith,* 118 N. C., 73. That was an action brought by the vendee of a mortgagor against the purchaser at a sale under a power contained in the mortgage, to have the sale declared invalid, as the plaintiff alleged that nothing was due on the mortgage. The defendant, who was the purchaser at the sale, averred in his answer that there was an amount due on the mortgage notes at the time of the sale which was equal to the amount of his bid, and this court held that the burden was on the plaintiff to show that

the debt secured by the mortgage had been paid.    The two cases cannot be distinguished in principle.

For the error in the charge as indicated, a new trial is awarded.

*Per Curiam*:    New Trial.