## J. F. HOWERTON v. H. SCHERER & CO.

(Filed 3 November, 1915.)

**Appeal and Error—Broadside Exceptions.**

In an action to recover a balance of salary alleged to be due by contract, an exception to the judge's charge that he failed to properly instruct the jury as to the weight and effect of the contract is held to be a broadside exception which the Supreme Court will not consider on appeal.

Appeal by defendant from *Cooke, J.,* at April Term, 1915, of Durham. Civil action, tried upon these issues:

1. Is the defendant indebted to the plaintiff, as alleged? If so, in what amount? Answer: "$300."

2. Is the plaintiff indebted to the defendant by way of counterclaim, as alleged? If so, in what amount? Answer: "Nothing."

The defendant appealed.

*W. L. Foushee for plaintiff.*
*Sykes & Sheppard for defendant.*

Per Curiam. This action was brought to recover from the defendants the sum of $345, with interest, alleged to be due for the balance of the salary and traveling expense which the defendants are alleged to

have contracted to pay the plaintiff. There are no exceptions to the evidence, and the matter seems to be almost exclusively of fact. The defendant assigns error "to the failure of his Honor to properly instruct the jury as to the weight and effect of the contract introduced in the evidence." This is a broadside exception, and under our rulings need not be considered by us. Nevertheless, we have examined the charge, and think that his Honor fully complied with the law in the absence of any request for special instructions. If fuller instructions had been desired, they should have been asked for. *Ives v. R. R.,* 142 N. C., 131.

No error.