BANK OF BRUNSWICK v. J. W. THOMPSON ET ALS.

(Filed 17 October, 1917.)

**Banks and Banking — Deposit — Counterclaim — Payment of Unauthorized Checks—Burden of Proof.**

Where a bank sues its depositor on a note, with counterclaim set up in the answer that the bank had funds of the defendant on deposit which it had paid out on unauthorized checks, and both the execution of the note sued on and the amount of the deposit are admitted: *Held*, banks assume the responsibility for the erroneous payment of checks not drawn or authorized by the depositor, with the burden on the bank, pleading proper payment of the checks, to show it.

APPEAL by plaintiff from *Bond, J.,* at June Term, 1917, of BRUNSWICK.

This action was brought upon a note for $225 and interest. The defendants admitted the due execution of the note, but claimed that there should be a credit entered on it for $195 which had been wrongfully charged up by the bank against the deposits of the defendant, J. W. Thompson, in said bank, one being an alleged check of 9 April, 1913, for $95, and the other an alleged check for $100 charged against the defendant, J. W. Thompson, on 26 September, 1913, and denied the validity of said checks, which sums the defendants pleaded as a counterclaim.

The court charged the jury that "Plaintiff bank having admitted receiving as a deposit the proceeds of the $225 note sued upon, the burden was upon the plaintiff to satisfy the jury by the preponderance of the evidence that the amount of the two checks in question had been properly paid out by the plaintiff bank upon a proper order or authority of the defendant, J. W. Thompson, and had therefore been properly charged against him." This is the only exception. The jury found in favor of the defendants, and the court rendered judgment in favor of the plaintiff for the amount of the note credited by said counterclaim.

*Robert Ruark* and *C. Ed. Taylor* for plaintiff.
*E. K. Bryan* for defendants.

CLARK, C. J. This case stands thus: The note sued on is admitted by the defendants. The deposit of the proceeds in plaintiff bank is admitted, which is the counterclaim. The burden is therefore upon the bank to relieve itself of liability for said deposit by proof of payment. This the bank should be able to do by production of the checks, or otherwise, if checks had been lost. The defendant, of course, could not produce the check which he claims was not given by himself or by his authority. Payment of the deposit being pleaded by plaintiff, the burden is on him who asserts it. *Zachary v. Phillips,* 101 N. C., 571; *McBrayer v. Haynes,* 132 N. C., 610; *Guano Co. v. Marks,* 135 N. C., 59.

When one has a deposit in bank, it is held subject to his order, and the bank assumes the responsibility for the erroneous payment of any check not drawn nor authorized by the depositor, and the burden of proof is upon the bank. This is elementary law.

The plaintiff relies upon *McQueen v. Bank,* 111 N. C., 509, in which the bank admitted that the plaintiff had deposited with it a sum of money, but pleaded in its answer that the balance not drawn out had been assigned to it. It failed to offer any evidence in support of such allegation, and it was held that the plaintiff was entitled to recover the full amount of the deposit, upon the pleadings. That case is in point for the defendant, for here the counterclaim by the defendant is for the amount of such deposit, and the burden is upon the plaintiff to account for the same.

No error.