## STATE v. FAISON GORE.

(Filed 28 January, 1935.)

**1. Criminal Law G r—Held: Credibility of witness was impeached in this case, and evidence corroborating his testimony was competent.**

Defendant was charged with being an accessory before the fact of murder, and pleaded not guilty. Upon the trial the perpetrator of the crime testified that he killed deceased because of the promises and inducements of defendant. Defendant cross-examined the witness and sought to impeach his character: *Held*, certain written and oral statements made by the witness to others prior to the trial were competent as tending to corroborate his testimony, the credibility of the witness having been challenged by the plea of not guilty, the cross-examination, and the evidence of his bad character.

**2. Criminal Law G u—**

Evidence of the circumstances under which a witness had made statements, competent upon the trial as corroborative of his testimony, is properly admitted to enable the jury to determine the weight to be given the statements upon the basis of whether they were voluntary or were obtained by coercion or duress.

**3. Homicide G d: Criminal Law G r—**

Defendant was charged with being an accessory before the fact of murder in procuring the murder of deceased: *Held*, testimony of a quarrel between defendant and his wife over the attentions paid defendant's wife by deceased was competent to show motive and as corroborative of the testimony of the perpetrator of the crime that defendant stated this was his motive.

**4. Criminal Law L e—**

Error, if any, in the admission of a note written to defendant by his wife, *is held* cured by her testimony upon the trial in his behalf, the note tending to discredit her testimony on the trial.

**5. Criminal Law G r—**

The cross-examination of defendant in this case *held* well within the latitude allowed by law.

**6. Criminal Law I J—**

The unsupported testimony of an accomplice is sufficient to overrule a motion for nonsuit, since such testimony is sufficient to sustain a verdict of guilty.

**7. Criminal Law I g—Instructions in this case held sufficiently full.**

An *exception* based upon the court's failure to define an "accessory before the fact" in a prosecution of defendant for being an accessory before the fact of murder, cannot be sustained where the record shows the court read to the jury the indictment which fully described the offense, it being the duty of defendant, if he desires more elaborate instruction, to aptly tender a request therefor.

**8. Indictment E c—**

In a prosecution of defendant for being an accessory before the fact of murder, variance of a few days between the indictment and proof as to the day the murder was committed is not fatal, C. S., 4625.

APPEAL from *Harris, J.,* at June Term, 1934, of NEW HANOVER. No error.

The defendant was tried and convicted upon the following bill of indictment:

"The jurors for the State upon their oath present, that Faison Gore, late of the county of New Hanover, on 3 May, 1934, with force and arms, at and in the county aforesaid, did unlawfully and wilfully, feloniously be and become an accessory before the fact to the murder of Karl Hayduck, by counseling, procuring, or commanding Ben Johnson to commit a felony, to wit: kill and murder Karl Hayduck, and in confirmation of said counseling, procuring, or commanding of said Faison Gore, he, the said Ben Johnson, on or about 3 May, did unlawfully, wilfully, feloniously, and with malice aforethought, kill and murder the said Karl Hayduck, against the form of statute in such case made and provided against the peace and dignity of the State.

"WOODUS KELLUM, *Solicitor.*"

From judgment pronounced on the verdict that he be imprisoned in the State prison for the term of his natural life, the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*R. M. Kermon for defendant appellant.*

SCHENCK, J. The basis of seven of the defendant's exceptive assignments of error is the admission of certain written statements and certain oral statements made by the State's principal witness to others at various times prior to the trial of this cause. The statements were admitted for, and only for, the purpose of corroboration, and the judge so told the jury at the time of their admission. The evidence of this witness, upon which the State largely relied, was to the effect that he, Ben Johnson, struck the fatal blow that killed the deceased, Karl Hayduck, and he did so because of promises and inducements held out to him by the defendant Faison Gore. We have carefully examined these statements and think they all tend to corroborate the testimony of Johnson. We cannot agree with the position taken in the defendant's brief that the corroborating evidence was inadmissible because the witness Ben Johnson had not been impeached. The defendant, having pleaded not guilty, the very nature of the circumstances challenged the

testimony of the witness to the effect that the defendant procured him, the witness, to kill the deceased; and also the cross-examination of the witness was an attack upon and. an impeachment of his testimony in that it sought to show that such testimony was false, and that the witness had been frequently tried and convicted in various criminal courts and was therefore a man of bad character, whose testimony should not be given credence. *S. v. Parish,* 79 N. C., 610; *S. v. Melvin,* 194 N. C., 394.

The evidence of the circumstances under which the corroborative statements were made, to which the defendant excepted, was properly admitted in order to enable the jury to determine the weight that should be given to such statements; since if they were obtained by coercion or duress they might carry but little if any force, but if given freely and voluntarily, they might carry considerable force. The admission of such evidence was logical, sensible, and did justice to all concerned.

The exception to the evidence tending to show a quarrel between the defendant and his wife is untenable, as such evidence was competent to show both motive for the crime charged and to corroborate the witness Ben Johnson, who testified that the defendant told him that the deceased was "going with his wife" and he "didn't like it," and gave this as one of the reasons for wanting him "to knock him out."

If there was error in the admission of the note written by the wife of the defendant to him while in jail, to which the defendant excepted, such error was cured when the wife went upon the stand as a witness in her husband's behalf and at his behest and admitted that she wrote the letter, since it tended to discredit her by showing that she proposed to make her testimony agree with his. Witness this clause: "Honey, what time did you tell them so I can tell the same thing. Let me know all you told."

Those portions of the cross-examination of the defendant to which exceptions were lodged, in our opinion are well within the latitude allowed on such examinations, as the reason for the search for Hayduck and the manner of such search were proper to be considered by the jury; and especially was this so in the light of the fact that the defendant directed the search and suggested that one Mazur look behind the toilet where the deceased was found wounded and unconscious.

The motion for nonsuit was properly denied as the testimony of Ben Johnson alone was sufficient to carry the case to the jury. It has been repeatedly held by this Court that the unsupported testimony of an accomplice, while it should be received with caution, if it produces convincing proof of the defendant's guilt is sufficient to sustain a conviction. *S. v. Ashburn,* 187 N. C., 717 (728), and cases there cited.

The defendant excepted to the charge for that "the court failed to charge the jury what constituted 'an accessory before the fact,' " and "failed to charge the jury as to the law applicable to 'an accessory before the fact.' " The court read the bill of indictment to the jury, including the following: "That Faison Gore . . . did unlawfully and wilfully, feloniously be and become an accessory before the fact of the murder of Karl Hayduck, by counseling, procuring, or commanding Ben Johnson to commit a felony, to wit: kill and murder Karl Hayduck, . . ." The description of the offense contained in the bill is full and complete and needs no explanation to be understood. The charge is in compliance with C. S., 564. If the defendant desired more specific and elaborate instructions or explanations he should have submitted appropriate prayers. *S. v. McLamb*, 203 N. C., 442; *S. v. O'Neal*, 187 N. C., 22, and cases there cited.

The defendant's motion for arrest of judgment for that the bill of indictment charges that the murder of Karl Hayduck was committed on 3 May, 1934, when all of the evidence tended to show that it was committed on 29 April was properly denied, since "time is not of the essence of the offense" charged. C. S., 4625.

A perusal of the record leads us to the conclusion that the case has been carefully tried in conformity with the practice and authorities in this jurisdiction, and the verdict and judgment will therefore be upheld.

No error.