LAURA E. FISHER v. MARY JACKSON (WIDOW), JAMES JACKSON, CECIL C. JACKSON, ET AL.

(Filed 11 October, 1939.)

**Ejectment § 15: Evidence § 6—Burden of proof is a substantial right and conflicting instructions thereon entitle the prejudiced party to a new trial.**

In an action in ejectment the burden of proof on issue as to plaintiff's title and right to possession of the property remains on plaintiff throughout the trial, and an instruction correctly placing the burden upon plaintiff but subsequently charging the jury that the burden was upon defendant to satisfy the jury upon the issue by clear, strong, and cogent proof is error entitling defendants to a new trial, the burden of proof being a substantial right. *Semble:* Defendant's contention that the *locus in quo* was included in the deed of trust under which plaintiff's claimed, by fraud or mutual mistake should have been submitted under a separate issue.

APPEAL by defendants from *Pless, J.,* at May Term, 1939, of BUNCOMBE. Reversed.

*Zeb F. Curtis for plaintiff, appellee.*
*I. C. Crawford for defendants, appellants.*

SCHENCK, J. This is an action in ejectment commenced in the general county court of Buncombe County, and heard upon defendants' appeal to the Superior Court upon exceptive assignments of error.

The plaintiff alleged and offered evidence tending to prove that she was the owner and entitled to the possession of the land described in the complaint, and that the defendants refused to surrender such possession which they wrongfully held. The defendants denied that the plaintiff was the owner of the lands described in the complaint, and by way of further defense alleged that a certain deed of trust, through the foreclosure of which the plaintiff claims title, contained the land described in the complaint as a result of fraud and mistake, and that said deed of trust had been fraudulently and wrongfully foreclosed.

The jury returned the following verdict:

"1. Did the person who acted for the Central Bank and Trust Company, trustee, as agent in selling the property at said foreclosure sale, also act as agent for plaintiff Laura E. Fisher in purchasing said property at the foreclosure sale? Answer: No.

"2. Is the plaintiff the owner of the premises described in the complaint and entitled to the possession thereof? Answer: Yes.

From judgment of the general county court predicated on the verdict the defendants appealed to the Superior Court, where all exceptive assignments of error were overruled and the judgment affirmed. From the judgment of the Superior Court the defendants appealed to the Supreme Court.

After charging the jury that if they answered the first issue in the affirmative they need not answer the second issue, the trial court properly charged that the burden of proof on the second issue was upon the plaintiff, but followed this by charging: "Defendants contend you ought to answer this (second) issue No, even if you should answer the first issue No, defendants contending there was a mistake made and they had no proper notice of the sale, that they were not present at the sale, did not have an opportunity to bid on the property, and they had never considered the property was included in the deed of trust. As I say, the burden is on the defendants to satisfy you of these facts by evidence which convinces you by its strength and cogency and convincing qualities."

To this charge the defendants preserved exception, and we think, and so hold, that the exception was well taken. The burden of proof on the second issue was upon the plaintiff at the outset and remained there throughout the trial, and the charge assailed by the exception in effect shifted the burden to the defendants to prove their allegations "by evidence which convinces you by its strength and cogency and convincing qualities," which the court had theretofore instructed the jury was

"slightly more than evidence required to establish preponderance or greater weight of the evidence."

"The rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the courts. *S. v. Falkner,* 182 N. C., 798, and cases there cited." *Hosiery Co. v. Express Co.,* 184 N. C., 478.

It might have been well to have presented the question as to whether the land described in the complaint had been included in the deed of trust by fraud or mistake under a separate issue, as well also as the question involving the alleged fraudulent and wrongful foreclosure of said deed of trust.

For the error assigned the judgment of the Superior Court is

Reversed.