MOYE ARNOLD v. STATE BANK & TRUST CO., GREENVILLE, N. C.

(Filed 7 November, 1940.)

**1. Trial § 29c—**
   While the burden of proof is a substantial right, the failure of the court to define the terms "greater weight" or "preponderance of the evidence" in its charge correctly placing the burden of proof, will not be held for error in the absence of a prayer for special instructions.

**2. Banks and Banking § 8a—**
   In an action against a bank by a depositor to recover money deposited, an instruction to the effect that the burden is upon the bank to prove by the greater weight of the evidence the defense of proper disbursement of the funds on checks signed by the depositor or by some person under the depositor's authority and direction, *is held* without error.

3. **Trial § 32—**

It is not error for the trial court to refuse to give requested instructions which are not predicated on the jury's finding of the essential facts from the greater weight of the evidence.

4. **Banks and Banking § 8a—Fact that depositor permitted convicted forger to stay in house is not contributory negligence exculpating bank from liability for paying forged checks.**

In this action against a bank to recover money deposited, defendant requested instructions to the effect that it would not be liable if its payment of forged checks on the depositor's account was proximately caused by the contributory negligence of the depositor. *Held:* The refusal of the court to give the requested instructions was not error, first: because the instructions requested failed to refer to the burden of proof, and second: because evidence that plaintiff's brother-in-law who forged the checks and who had theretofore been convicted of forgery, stayed in plaintiff's house, is insufficient to impute to plaintiff contributory negligence.

5. **Appeal and Error § 6f—**

An exception to the charge on the ground that it did not explain the evidence and did not declare and explain the law arising thereon as required by C. S., 564, *is held* ineffective as a "broadside" exception, it being necessary that an exception to the charge specifically refer to the particular point claimed to be erroneous.

STACY, C. J., concurs in result.

BARNHILL and WINBORNE, JJ., join in concurring opinion.

APPEAL by defendant from *Hamilton, Special Judge,* and a jury, at February Term, 1940, of PITT. No error.

This action was brought before a justice of the peace to recover $91.55, deposited in defendant bank and not accounted for by defendant to plaintiff. The judgment of the justice of the peace was in favor of plaintiff, for amount sued for, which was appealed from to the Superior Court. The appeal certificate has this in it: "Plaintiff complained for the sum of Ninety One and 55/100 Dollars, with interest and cost, due by and on account of money deposited with said defendant and paid out without authority by said defendant and refusal, and now demanded by said plaintiff. Defendant failed to answer or demur to the complaint. Mr. V. M. Forrest stating that his only purpose of being present was to file notice of appeal."

In the Superior Court the following answer was made by defendant: "The defendant State Bank & Trust Company, in answer to the complaint of the plaintiff, in which it is alleged that the defendant is indebted to the plaintiff in the sum of $91.55, with interest thereon from April 1, 1939, until paid, and on account of money deposited with the defendant and by it paid out without authority of plaintiff to do so, and which the defendant has refused to pay to the plaintiff though he is justly due the same, alleges and says: 1. That the said allegations are untrue and therefore denied. 2. That if the Court should find that the

defendant has paid out money of the plaintiff on deposit with the defendant, as alleged, that the same was done on account of the plaintiff's neglect which proximately contributed to the payment of checks as alleged."

The issue submitted to the jury was: "In what amount, if any, is the defendant indebted to the plaintiff?" The jury answered "$91.55." The court below gave judgment on the verdict. The defendant made several assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*S. O. Worthington for plaintiff.*
*Blount & Taft for defendant.*

CLARKSON, J. The first question presented by defendant: "Was the court in error in not defining 'greater weight' or 'preponderance of the evidence'?" We think not.

The burden of proof is a substantial right. *Fisher v. Jackson,* 216 N. C., 302 (304).

In *Wilson v. Casualty Co.,* 210 N. C., 585 (590), it is written: "The defendant contended that in the first two above excerpts from the charge it was the duty of the court below in the charge to the jury to have defined what constituted the greater weight of the evidence, and in failing to do so the court committed error. C. S., 564. We cannot so hold. The burden of proof is on the party who substantially asserts the affirmative of the issue, whether he be nominally plaintiff or defendant. The burden of proof is on the party holding the affirmative. It constitutes a substantial right. *Hunt v. Eure,* 189 N. C., 482; *Boone v. Collins,* 202 N. C., 12; *Stein v. Levins,* 205 N. C., 302 (306). A preponderance of the evidence, or by the greater weight, is all that is required in a civil action. If the defendant desired more elaborate instructions on a subordinate feature, it should have submitted an appropriate prayer. *S. v. Gore,* 207 N. C., 618; *S. v. Anderson,* 208 N. C., 771 (788)."

The court below instructed the jury: "The court instructs you as a matter of law that where a deposit is made in a bank the burden is upon that bank to satisfy the jury by evidence and by its greater weight, that is, by a preponderance of the evidence, that payments on that account were made by the bank in a proper and orderly way, that is, upon the authority of the depositor. . . . And the burden is upon the bank to show the disposition made of the funds of a depositor into that bank." Again, on page 27 of the Record, we find: "And if the defendant bank has carried that burden and has satisfied you from the evidence and by its greater weight, or by a preponderance of the evidence, that the disbursements of the funds was regularly made, that is, made upon the

order of the depositor upon checks being presented on that account bearing the signature of the depositor, and the depositor himself was the author of that signature, or the signature had been placed thereon by somebody else under his direction or acting for and on behalf of the depositor, then the bank would not be entitled to pay to the plaintiff the sum of $91.55. If the bank has satisfied you by a preponderance of the evidence or by its greater weight that these payments were made upon the authority of the depositor either by checks drawn by him bearing his own signature or by checks drawn by somebody else under his authority and direction, the bank would have discharged its full duty and would not be indebted to the plaintiff in any sum whatsoever." There was no specific exception to this charge. We see no error in the charge.

In *Bank v. Thompson,* 174 N. C., 349, we find: "Where a bank sues its depositor on a note, with counterclaim set up in the answer that the bank had funds of the defendant on deposit which it had paid out on unauthorized checks, and both the execution of the note sued on and the amount of the deposit are admitted: *Held,* banks assume the responsibility for the erroneous payment of checks not drawn or authorized by the depositor, with the burden on the bank, pleading proper payment of the checks, to show it."

In apt time and in proper manner, the defendant filed, in writing, with the court the following requested instruction: "That if the jury should find that the payment of the forged checks, if any, was made on account of the plaintiff's neglect or negligence which proximately contributed to the payment of the checks as alleged, then the plaintiff is guilty of contributory negligence and is entitled to recover nothing against the defendant."

The prayer does not set forth "if the jury find from the greater weight or preponderance of evidence." The lack of this is erroneous. Besides, we cannot hold on the evidence that there was any contributory negligence, the proximate cause of which caused the defendant to pay out the plaintiff's deposit on forged checks. The fact that the brother-in-law of plaintiff, who had stayed in their home several months, had theretofore been convicted of being a forger and forged these checks in controversy and had been convicted for so doing, cannot be imputed to plaintiff as contributory negligence. It cannot be said that if a father should have a son who had committed a forgery in time and knowing such should permit that son to come home and live, after he had served his sentence, and he should then forge a check on the father, that the father would be guilty of such negligence as to prevent his recovering from the bank. A person who attempts to rehabilitate one who has served a sentence in prison should be commended rather than condemned.

The banks of the State are protected by a special statute. N. C. Code, 1939 (Michie), sec. 220 (h) : "No bank shall be liable to a depositor for payment by it of a forged check or other order to pay money unless within sixty days after the receipt of such voucher by the depositor he shall notify the bank that such check or order so paid is forged." This section is a substantial reënactment of the C. S., sec. 231, except that formerly the depositor had six months within which to give notice of the forgery. *Fuel Co. v. Bank,* 210 N. C., 244.

The exception and assignment of error, as follows, cannot be sustained : "Defendant excepts to the whole charge as given for that it is too meager and did not explain in a correct manner the evidence of the case and declare and explain the law arising thereon as required by section 564, C. S. of North Carolina, and it does not and did not satisfy the requirements of said statute in law."

In *Rawls v. Lupton,* 193 N. C., 428 (430), we find : "Error must be specifically assigned. An 'unpointed, broadside' exception to the 'charge as given' will not be considered. *McKinnon v. Morrison,* 104 N. C., 354. Exception to the charge of the court in general terms, not sufficiently specific to call the attention of the court to the particular point claimed to be erroneous, cannot be considered by an appellate court. . . . (citing a wealth of authorities)—(p. 431). Under C. S., 643 (N. C. Code, *supra,* sec. 643), and the decisions of this Court, the appellant must make 'specific' exceptions to the charge of the court below, stating separately in articles numbered the errors alleged."

For the reasons given, we see no prejudicial or reversible error.

No error.

STACY, C. J., concurs in result, but dissents in part from the reasons assigned.

1. There is no exception to the refusal of the defendant's request for special instruction, and no assignment of error based thereon. Hence, the correctness of the prayer is not presented for review.

2. The exception based upon the court's failure to comply with C. S., 564, is dismissed on authority of *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175, because of its alleged broadsidedness. With this I do not agree. The form of the exception is not unlike the one held sufficient in *Smith v. Bus Co.,* 216 N. C., 22, 3 S. E. (2d), 362. The exception should be overruled on its lack of merit rather than on its deformity.

BARNHILL and WINBORNE, JJ., concur in this opinion.