LEXINGTON INSULATION COMPANY v. DAVIDSON COUNTY, NORTH CAROLINA, DEFENDANT. JAY NORWOOD HOWARD AND FIDELITY & DEPOSIT COMPANY OF MARYLAND, THIRD PARTY DEFENDANTS.

(Filed 19 May, 1954.)

**Appeal and Error § 23—**

On appeal from order striking two paragraphs and parts of six other paragraphs or allegations in the answer or further answer, an assignment of error to the ruling of the court "as to the individual section stricken" and to the orders of the court generally, and to the signing of the orders, is a broadside assignment of error presenting no question for decision.

APPEAL by defendant Howard from *Sink, J.,* November Term, 1953, DAVIDSON. Affirmed.

Civil action to recover on account for materials furnished and work done on County buildings, heard on motion of defendant Davidson County to strike certain allegations from the answer and further answer of defendant Howard.

The motion was allowed and the court below entered its order striking part of two allegations of the answer, two full paragraphs and four parts of other paragraphs (including Exhibit A) of the further answer. Defendant Howard excepted and appealed.

*B. C. Brock for appellant Howard.*

*Charles W. Mauze for appellee Davidson County.*

PER CURIAM. The appellant's one assignment of error is as follows: "Appellant . . . assigns as error the ruling of the Court as to the individual section stricken and to the orders of the Court generally and to the signing of the orders."

This is a general broadside assignment of error which specifieth nothing. It presents no question for decision by this Court. *Worsley v. Rendering Co.,* 239 N.C. 547, and cases cited. Even so, an examination of the record discloses that the order was well advised.

Affirmed.