J. W. HARRIS, PLAINTIFF, v. CAROLINA POWER & LIGHT COMPANY, ORIGINAL DEFENDANT, AND DIXON & TOM-A-TOE OF NORTH CAROLINA, INC., ADDITIONAL DEFENDANT.

(Filed 13 January, 1956.)

**Appeal and Error § 6c (3½) —**

An exception and assignment of error of one appellant to the action of the court in denying portions of its motion to strike, as shown in the order appealed from, and the exception and assignment of error of the other appellant to the action of the court in allowing portions of the adverse party's motion to strike, as shown by the order appealed from, fail to

point out any particular ruling excepted to and are ineffectual as broadside assignments of error.

APPEAL by both defendants from *Carr, J.,* Regular September Civil Term 1955 of ALAMANCE.

Civil action for damages for personal injuries.

The Carolina Power & Light Company in its answer filed a cross-action against Dixon & Tom-A-Toe of North Carolina, Inc., asking that it be made a party defendant, and praying that, if the plaintiff recovers damages from it, Carolina Power & Light Company, that it have and recover judgment over against Dixon & Tom-A-Toe of North Carolina, Inc., (a) by way of indemnity for the full amount of plaintiff's recovery against it under the doctrine of primary and secondary liability between joint tort-feasors, which are not *in pari delicto,* or (b) if not entitled to recovery under (a), then by way of contribution, as provided by G.S. 1-240 between joint tort-feasors *in pari delicto.*

Upon motion of the Carolina Power & Light Company, Dixon & Tom-A-Toe of North Carolina, Inc., was made an additional party defendant. Whereupon Dixon & Tom-A-Toe of North Carolina, Inc., filed an answer to the cross-action against it of the Carolina Power & Light Company, and after admitting some and denying most of the allegations of the cross-action against it, alleged five alternative defenses—numbered 2, 3, 4, 5 and 6—, and prayed that the cross-action against it be dismissed.

The case was heard upon motion of the Carolina Power & Light Company to strike from the answer of Dixon & Tom-A-Toe of North Carolina, Inc., the following:

From the further answer and defense:

1. A portion of paragraph 3.

2. A portion of paragraph 4.

3. All of paragraphs 5, 6, 7, 8, 9 and 10.

All of the second, third, fourth, fifth and sixth alternative defenses.

The basis of the motion being that such allegations are irrelevant, redundant and prejudicial, and constitute a sham and frivolous defense.

The judge entered an order striking out from the further answer and defense and the alternative defenses of Dixon & Tom-A-Toe of North Carolina, Inc., the following:

1. A part of the challenged part of paragraph 3.

2. A part of the challenged part of paragraph 4.

3. The entire paragraph numbered 5.

4. A part of paragraph numbered 6.

5. A part of paragraph numbered 7.

HARRIS *v.* LIGHT CO.

6. The third, fifth and sixth alternative defenses.    The rest of the motion to strike was denied.

Both defendants appeal, assigning error.

*A. Y. Arledge and Cooper, Long, Latham & Cooper for Defendant, Appellant, Carolina Power & Light Company.*

*Long, Ridge, Harris & Walker for Dixon & Tom-A-Toe of North Carolina, Inc., as Appellee and Appellant.*

PER CURIAM.

APPEAL BY DEFENDANT CAROLINA POWER & LIGHT COMPANY.

The Carolina Power & Light Company has one assignment of error: "the action of the court in denying portions of its motion to strike, as shown in the order appealed from."    This assignment of error is based on this exception:  "Carolina Power & Light Company objects, and excepts to that portion of the foregoing order which denies parts of its motion to strike."

This is a general broadside assignment of error.    It specifies nothing: it designates no particular ruling to which exception is taken.    It blithely invites us to go on a "voyage of discovery" through the Record. Under our cases it presents no question for decision by this Court, and the appeal will be dismissed.    *Insulation Co. v. Davidson County,* 240 N.C. 336, 81 S.E. 2d 925; *Jamison v. Charlotte,* 239 N.C. 682, 80 S.E. 2d 904; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Arnold v. Trust Co.,* 218 N.C. 433, 11 S.E. 2d 307; *Howerton v. Scherer,* 170 N.C. 669, 86 S.E. 712.

APPEAL BY DEFENDANT DIXON & TOM-A-TOE OF NORTH CAROLINA, INC.

Dixon & Tom-A-Toe of North Carolina, Inc., has one assignment of error: "the action of the court in allowing portions of the original defendant's motion to strike, as shown in the order appealed from." This assignment of error is based on this exception:  "the additional defendant excepts to that portion of the foregoing order, which allows a part of said motion to strike."

This is also a general broadside assignment of error, specifying nothing, and presents no question for decision by us.    The appeal will be dismissed.

Appeal of Carolina Power & Light Company Dismissed.

Appeal of Dixon & Tom-A-Toe of North Carolina, Inc., Dismissed.