MRS. HELEN HAYES v. BON MARCHE, INC.

(Filed 6 November, 1957)

1. **Negligence § 16; Pleadings § 31—**

In an action to recover for injuries received by plaintiff while using an automatic "magic eye" door in the entrance of defendant's retail store, plaintiff may allege prior similar occurrences.

2. **Appeal and Error § 22a—**

An exception to the refusal of the court to strike designated subparagraphs of a pleading is a broadside exception and must fail if the paragraphs challenged contain any proper factual allegations.

On writ of *certiorari,* treated as an appeal, to review order of *Sink, E. J.,* at 27 May, 1957, Special Term of BUNCOMBE.

Civil action by the plaintiff to recover damages for personal injuries alleged to have been caused by negligence of the defendant in the operation and maintenance of an automatic "magic eye" door in the entrance to its retail store in the city of Asheville.

The defendant, before answering or otherwise pleading, moved under G.S. 1-153 to strike certain portions of the complaint, including all of paragraph 7, wherein the plaintiff alleges injuries of a similar nature sustained by other persons, before and after the occurrence in suit.

The motion to strike paragraph 7 was allowed in respect to a portion of the preamble, but was denied as to all allegations contained in the body of the paragraph, including subparagraphs a, b, and c, in which the plaintiff alleges three similar occurrences. To the order entered by the court, the defendant excepted to so much thereof as overruled its motion to strike subparagraphs a, b, and c of paragraph 7 of the complaint, and petitioned for writ of *certiorari* under Rule 4 (a), 242 N.C. 766.

STATE *v.* WOOD.

The petition was allowed 28 August, 1957.

*Meekins, Packer & Roberts for appellant.*
*N. Johnson DuBose for appellee.*

JOHNSON, J. The essential rules governing appeals from lower court rulings on motions to strike are collected and assembled in *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. Under application of principles there stated, we conclude that paragraph 7 of the complaint contains some factual allegations which withstand the defendant's motion to strike. *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; 65 C.J.S. Negligence, Sec. 234.

Conceding as we may that the challenged paragraph contains irrelevant and redundant matter, nevertheless it is noted that the refusal of the court to strike all three subparagraphs is challenged by a single broadside exception. Such exception does not require this Court to go through all three subparagraphs of paragraph 7 and separate the "good from the bad." *Nance v. Telegraph Co.,* 177 N.C. 313, p. 315, 98 S.E. 838. Ordinarily, an exception taken to several distinct matters, some of which are clearly correct, is insufficient to present any error for review. *Wheeler v. Cole,* 164 N.C. 378, 80 S.E. 241. See also *Harris v. Light Co.,* 243 N.C. 438, 90 S.E. 2d 694; *Dobias v. White,* 240 N.C. 680, 689, 83 S.E. 2d 785; *Insulation Co. v. Davidson County,* 240 N.C. 336, 81 S.E. 2d 925; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609. In 3 Am. Jur., Appeal and Error, Sec. 275, it is stated: ". . . where an exception covers several propositions, it is a general one, and is unavailing if any one of them is correct."

The judgment below is
Affirmed.