# Manufacturers' National Bank

*v.*

## Alfred S. Barnes *et al.*

1. Agency—*right to presume authority.* Where ·the plaintiff, in an action against a bank to recover deposits, expecting to be absent for a short time, gave his clerk and book-keeper a power of attorney to draw checks on the defendant against deposits for fifteen days only, and deposited the power of attorney with defendant, and after his return, resumed his business of drawing his own checks; and it appeared that after the expiration of the power of attorney, the clerk continued to draw checks without the knowledge of the plaintiff, a part of which he applied to the business of the plaintiff, and appropriated the balance to his own use: *Held,* that the defendant was liable to the plaintiff for the moneys paid out on the checks drawn by the clerk after his agency ceased, and which he appropriated to his own use.

2. And when the plaintiff's bank-book was written up, showing the payment of such checks, and the checks delivered to the clerk with the

bank-book, but the plaintiff had not examined the same, and had no knowledge of the facts, it was *held*, that the bank had no right to presume that the clerk had a general authority to draw checks thereafter, from such fact.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Beckwith, Ayer & Kales, for the appellant.

Messrs. Lyman & Jackson, for the appellees.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This action was brought by Barnes & Co. to recover from the bank a balance claimed to be due on deposits made by the plaintiffs with the bank. The deposits were admitted, but the defense set up was payment to the plaintiffs' clerk, under the following circumstances:

It appears that on the 22d of June, 1870, Barnes, the resident partner at Chicago, and the only person authorized to draw checks, being obliged to leave the city for a short time, gave to a clerk, employed by him as book-keeper and cashier, a power of attorney authorizing him to draw checks on the bank for fifteen days. This power of attorney was lodged with the bank, a conversation having been previously had with the assistant cashier in regard to it.

On the 7th of July, Barnes returned, and resumed the charge of his business. Nevertheless, the clerk continued to draw occasional checks, signing the name of Barnes, with the initial letter of his own name, to indicate his agency. He continued to check until the following January, the whole amount drawn being $4547.94. Of this sum, the clerk had used $1509.39 in paying debts of the firm, but without the knowledge of Barnes. During this interval, the bank-book of the firm had been several times written up, and the paid checks returned; but as this had been attended to by the same clerk,

acting in his capacity of book-keeper and cashier, the fact that he had been drawing checks after the power of attorney had expired was not discovered by the plaintiffs until January. Judgment was obtained in the Superior Court for the amount of the checks drawn by the clerk, less the sum applied by him to the debts of the firm, for which the plaintiffs gave the bank credit.

The case was tried by the court without a jury, and it is insisted the court erred in rendering judgment for any greater sum than the amount checked out by the clerk before the bank-book, or pass-book, of the plaintiffs was written up the first time, when all the checks were returned to the plaintiffs. It is claimed that, from that date at least, the bank had the right to presume that the clerk had authority to draw checks.

There is, at first blush, a certain plausibility in this view, but it will not bear examination. The same question arose in the case of *Weiser* v. *Denison*, 10 N. Y. 68. There, as here, a clerk had drawn checks in the name of his employer, and the pass-book had been several times written up and the checks returned before discovery of the fraud. The court held that the balancing of the pass-book and the return of the checks are for the protection of the depositor, and not for that of the bank, and the failure of the depositor to examine the checks is not such negligence on his part as to exonerate the bank from liability for the continued payment of checks improperly drawn. We do not agree with counsel for appellant in regarding the present case as stronger for the bank than that. In the case before us, the checks drawn by the clerk showed upon their face that they were drawn by him, and the bank knew, by a document in its own possession, and which had been made the subject of a special conversation with one of its officers, that the clerk had authority to draw checks only for fifteen days from the 22d of June. The facts that the plaintiff had been thus careful to give the clerk express written authority, and to limit it to fifteen days, and to lodge this

authority with the bank in pursuance of a previous arrangement, were sufficient to show the bank that the plaintiff had no intention of giving to the clerk a general authority to draw. The bank was guilty of great negligence in paying checks of the clerk drawn after that period, and can not be excused merely because the plaintiff failed to examine the returned checks, which he had a right to presume had been drawn by himself alone.

We consider the reasoning of the New York court of appeals, in the case cited, very satisfactory, and adopt its decision as the better rule.

The judgment is affirmed.

*Judgment affirmed.*