(No. 16095.—Judgment affirmed.)

## The First State Bank and Trust Company, Appellee, *vs.* The First National Bank of Canton, Appellant.

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

1. Bills and notes—*when drawee is not responsible for payment to holder of forged check.* As a general rule a drawee who innocently pays money on a forged check or draft cannot recover from an innocent party to whom the money was paid, but where the holder of a forged check has not suffered or may avoid loss he will not be permitted to profit by payment to him by the drawee.

2. Same—*when bank is not a holder in due course.* A bank is not a holder in due course of a negotiable instrument if it has given nothing of value therefor beyond a credit to the former holder as a depositor and has not honored his checks or in any way bound itself to account to someone for the deposit.

3. Same—*when bank may refuse to honor depositor's check.* A bank which has notice that a deposit is in reality the fund of another may refuse to honor the check of the depositor.

4. Same—*when bank opening account with forged check is not a holder in due course.* A bank which pays a portion of a forged check and opens an account with the payee for the balance, is not, after notice that the check was a forgery, a holder in due course as to the amount on deposit, on which it has never paid out anything; and the bank on which the check was drawn, and which, upon notice of the forgery, reimbursed the account of the drawer, whose name was forged, is entitled to recover from the other bank the amount credited as a deposit.

5. Same—*negligence in discovery of forgery raises presumption of loss.* Prompt notice of forgery affords the defrauded party an opportunity to recover loss or to prevent loss to others, and if there is delay or negligence in discovering the forgery a loss to others will be presumed.

6. Same—*when delay of drawee bank in discovering forgery precludes recovery from the bank honoring check.* A drawee bank which has accepted and paid through the clearing house a check on which the drawer's name was forged, and has retained the check in its possession for more than thirty days after charging the drawer's account therewith, will not be permitted, after discovery of the forgery two months later by the drawer's auditor and after reimbursing the drawer's account, to recover from the bank which first honored the check, money actually paid out upon it.

Heard, J., took no part.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. WALTER C. FRANK, Judge, presiding.

BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for appellant.

A. E. TAFF, HARVEY H. ATHERTON, and GLENN RATCLIFF, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A check dated September 1, 1921, for $885.10, drawn on the First State Bank and Trust Company of Canton, Illinois, (designated the State bank,) payable to the order of A. P. Holt and purporting to be signed by the Fiatt Farmers Co-operative Company by Willard Barclay, manager, was presented to the First National Bank of the same city (designated the National bank) on September 2, 1921, by a person who represented himself as the payee. He endorsed the check and received upon it from the National bank $385.10 in money and credit for the balance of $500 in an account opened in the payee's name. He signed the usual signature card "A. P. Holt," and added as his address "R.:2," meaning rural free delivery route No. 2. A depositor's pass-book was issued to him. The check was presented to the State bank, the drawee, through the local clearing house on the same day, September 2, 1921, and was paid and so stamped. The State bank on October 5, 1921, sent its monthly statement and accompanying vouchers, including the check in question, to the Fiatt Farmers Cooperative Company. On the fifth of December following, an auditor, and Barclay, the manager of the co-operative company, in making an examination of the company's books first discovered the check, and Barclay promptly pronounced

it a forgery. They immediately notified the State bank, which on the morning of the following day gave like notice to the National bank. The State bank, which on the second of September had charged the check to the co-operative company's account, now credited that account with the amount of the check. On December 24, 1921, the check was presented by the State bank, through the clearing house, to the National bank, with the request that the money paid upon it by the State bank be refunded. The request was refused. The deposit of $500 credited by the National bank to A. P. Holt, the payee, when the check was presented on September 2, remained intact, for no part of it was ever withdrawn. Suit in assumpsit was instituted by the State bank against the National bank for the recovery of the money paid on the check. The declaration consists of five special counts and the consolidated common counts. A plea of the general issue was interposed by the defendant. The cause was tried by the court without a jury. The findings were in favor of the defendant and judgment was rendered against the plaintiff for costs. On appeal by the plaintiff to the Appellate Court for the Third District the judgment of the circuit court was reversed and judgment was rendered in favor of the State bank for $500, with interest from December 24, 1921, the day on which the forged check was tendered to the National bank and demand made for the return of the money paid thereon. The judgment in principal and interest amounted to $557.03, and costs were awarded the State bank in both courts. A certificate of importance was granted by the Appellate Court, and this appeal followed. Both parties assign errors upon the record.

The evidence shows that the signature of Willard Barclay, the manager of the co-operative company, to the check in question was forged. He so testified and there was other corroborative evidence. There was no direct testimony that the person who endorsed and deposited the forged check in the National bank was not A. P. Holt. Several witnesses

who lived in the vicinity of Fiatt, on or near rural free delivery route No. 2, testified they had never heard of a person by that name. The teller who took the check had no recollection of the person who presented it, but he believed that some officer of the bank had introduced that person to him. There is no testimony that the person who represented himself to be Holt, the payee, had ever appeared in the bank before or since or that he was acquainted with any of its officers. He never drew a check upon the deposit to his credit in the National bank.

Appellant contends that since appellee paid the check it is estopped to deny that the drawer's signature is genuine. On the contrary, appellee insists (1) that appellant, to the extent of the fund in its possession at and after the time it received notice of the forgery, is not a holder in due course; and (2) that appellant was bound to use reasonable diligence to ascertain whether or not the person who presented the check had a good title thereto and a lawful right to receive the money thereon, and since it failed to do so, the loss must fall upon it.

The rule generally accepted is that, as between equally innocent persons, the drawee who pays money on a check or draft the signature to which was forged cannot recover the money from the one who received it. (*Price* v. *Neal,* 3 Burr. 1354; *First Nat. Bank of Quincy* v. *Ricker,* 71 Ill. 439; *United States* v. *Bank of New York,* 219 Fed. 648; *Dedham Nat. Bank* v. *Everett Nat. Bank,* 177 Mass. 392; 4 Harvard Law Review, 297, 299.) But where the holder of a forged check has not suffered or may avoid loss, he ought not to be permitted to profit by payment to him by the drawee. *First Nat. Bank of Quincy* v. *Ricker, supra.*

Section 54 of the Negotiable Instruments act (Smith's Stat. 1923, p. 1404,) provides: "Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be

deemed a holder in due course only to the extent of the amount theretofore paid by him."

A bank is not a holder in due course of a negotiable instrument if it has given nothing of value therefor beyond a credit to the former holder as a depositor, and has not honored his checks upon or in any way bound itself to account to someone for the deposit. (*Warman* v. *First Nat. Bank,* 185 Ill. 60.) A bank which has notice that a deposit is in reality the fund of another may refuse to honor the check of the depositor. (*Hanna* v. *Drovers' Nat. Bank,* 194 Ill. 252.) After appellant had given the person who presented the check $385.10 in money, it was still enabled to protect both itself and the appellee so far as the sum credited as a deposit was concerned. (*Woodhouse* v. *Crandall,* 197 Ill. 104; *American Exchange Bank* v. *Mining Co.* 165 id. 103; *Otis* v. *Gross,* 96 id. 612; *Ward* v. *Johnson,* 95 id. 215.) To the extent of $500 appellant had not parted with anything of value on the check. When it was apprised of the defect in the title to the check it could not then be held to be a holder of the instrument in due course to the extent of the sum not paid thereon. (Negotiable Instruments act, sec. 54.) So far as the sum credited as a deposit is concerned the equities are not equal, and to that extent a case is not presented where one of two innocent persons must suffer a loss in any event. If that sum is repaid by appellant to appellee appellant will sustain no loss. By refusing to refund it will increase its property at the appellee's expense. Appellee is therefore entitled to recover from appellant the sum of $500 credited as a deposit, with interest thereon at the legal rate from the date demand was made therefor.

With reference to the balance of $385.10 a different situation exists. Appellant parted with that sum of money. It was negligent in doing so, but appellee, which seeks to recover the amount of the forged check, failed to report the forgery for upwards of three months. Prompt notice

314—18

of forgery affords a bank which has been defrauded an opportunity to recover its loss or to prevent loss to others. If there is delay or negligence in discovering the forgery loss to others will be presumed. (*Union Nat. Bank* v. *Farmers and Mechanics Nat. Bank,* (Pa.) 16 A. L. R. Ann. 1120.) The check was in appellee's possession for more than thirty days after it had made payment. On October 5, 1921, the check in question, with others, was mailed to the co-operative company by the State bank, its depository, and that company retained the checks for two months before it made an examination of the canceled vouchers. The forgery perpetrated on the first day of September was not discovered until the fifth day of December. Appellee had ample opportunity on or immediately after the second day of September, when it made payment of the check, to determine whether or not the signature thereto was genuine. Appellant should not be charged with the negligence of appellee, or appellee's depositor, the co-operative company, in that respect. Appellant was, in consequence, deprived for at least three months of any opportunity to locate the person who had perpetrated the crime. The tendency of all modern decisions seems to be that when there has been an unreasonable delay in discovering the forgery and giving notice it will bar a recovery by the drawee. (*First Nat. Bank* v. *Ricker, supra.*) The Appellate Court was right in holding that appellee could not recover from appellant the balance of $385.10.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.