## Richard Folsom, Appellee, v. Northern Trust Company, Appellant.

### Gen. No. 29,773.

1. BANKING—*loss of rights against depositary paying forged checks by delay in giving notice of forgery.* Where a bank paid certain forged checks purporting to be drawn against a depositor's account and charged the checks to such account and delivered the canceled checks, together with statements, to the depositor, the latter lost his right of recovery against the bank by delaying six months after discovery of the forgery before notifying the bank.

2. BANKING—*delivery of blank checks to nondepositor as negligence charging bank with payment of forged checks.* The fact that a bank, before paying checks forged by the brother of a depositor, had delivered a book of blank checks to such brother upon his signing the depositor's name to a receipt, without the depositor's

authority, did not charge the bank with negligence in subsequently paying such forged checks.

3. BANKING—*effect of statute limiting time for notice of forgery to bank paying forged checks.* The statute of 1921 (Cahill's St. ch. 16a, ¶ 22), providing that no bank which has paid and charged to the account of a depositor any money on a forged check, issued in the name of the depositor, shall be liable for the amount paid unless the depositor shall within one year after the return of the voucher to the depositor notify the bank of the forgery, held not intended to add anything to the common-law liability of banks in such cases, but that it was intended to place a limit upon the time within which an action may be brought to recover money paid upon forged checks; but that there is nothing in the statute to indicate that it was designed to enable a depositor to remain silent for a year after discovering a forgery, and hence six months' delay in notifying the bank, after discovering a forgery, barred recovery by a depositor.

4. APPEAL AND ERROR—*duty of Appellate Court to review questions of law where no propositions of law presented.* The Appellate Court is required to review questions of law in nonjury cases, even where no propositions of law have been presented.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and judgment for defendant with a finding of facts. Opinion filed June 9, 1925. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM S. MILLER and FREDERIC H. BENGEL, for appellant.

HARRY D. IRWIN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The defendant, a banking institution, appeals from a judgment against it for $1,050 in favor of plaintiff, a depositor. The bank paid that amount upon ten forged checks purporting to be drawn by the plaintiff, charged the same to plaintiff's account, and delivered the canceled checks to him with statements of his account. Plaintiff then discovered the forgeries, but failed to notify the bank until six months later. In

this action to recover the amount so paid, the defense of the bank is that plaintiff lost his right to recover by failing to notify it that the checks were forged as soon as he discovered the forgery or within a reasonable time thereafter.

In *Leather Manufacturers' Nat. Bank v. Morgan,* 117 U. S. 96, it was held that where a depositor in a bank sends his pass book to be written up and receives it back with entries of credits and debits and his paid checks as vouchers, he is bound to examine the pass book and vouchers with due diligence and to report to the bank, without unreasonable delay, any errors which may be discovered; and if he fails to do so, and the bank is thereby misled to its prejudice, he cannot afterwards dispute the correctness of the balance shown by the pass book. The court said (p. 115) that a suit of this character is, in effect, a suit by a depositor "to falsify a stated account, to the injury of the bank, whose defense is that the depositor has, by his conduct, ratified or adopted the payment of the altered checks, and thereby induced it to forbear taking steps for its protection against the person committing the forgeries." The court also said that if the depositor is guilty of negligence in not discovering and giving notice of the forgery, the bank is thereby prejudiced, because it is prevented from taking steps, by the arrest of the criminal, or by an attachment of his property, or other form of proceeding, to compel restitution. That case is cited and followed in *Findlay v. Corn Exchange Nat. Bank,* 166 Ill. App. 57, and the same principle is recognized and applied in the latter part of the opinion in the case of *First State Bank & Trust Co. v. First Nat. Bank of Canton,* 314 Ill. 269, 273.

Plaintiff's counsel attempt to avoid the force of those decisions by contending, first, that plaintiff did, in fact, notify the bank within a reasonable time; second, that the bank was itself negligent in paying the forged checks; and third, that the rule announced in

the foregoing cases was changed by statute in 1921.

The first of these contentions is based upon the plaintiff's testimony that when he received the canceled vouchers in September, 1923, he "tried to locate the stubs to compare them with the checks," that he "searched around" for the check book he had used at the time of the forgeries, but "did not locate it for some time," and that he notified the bank in March, 1924, that he had found the book; that when he received the canceled checks he was "pretty sure" that they were not his checks, but "wanted to verify that with the stubs" of his check book; that he saw they were all made payable to his brother, whom he had not seen or heard from for over a year; that he learned his brother was in Kansas City and he wrote him "telling him I wanted to see him." We fail to see anything in these facts or circumstances to excuse the plaintiff's failure to notify the bank of the forgeries for six months after receiving the canceled checks.

The claimed negligence of the bank is based upon the fact shown by the evidence that before the forgeries were committed the plaintiff's brother obtained from the bank a book of blank checks without plaintiff's authority by signing the plaintiff's name to a receipt for such book. Photostatic copies of this receipt and of the forged checks are shown in the transcript of the record. The signatures are the same in all of them, except that in the receipt for the check book the brother's signature appears beneath the name of the plaintiff. Plaintiff testified that the forgeries were "fair imitations" of his signature, which is confirmed, not only by a comparison of the signatures with plaintiff's admitted signature in the record, but by plaintiff's statement that while he was "pretty sure" the checks were forgeries, he was not satisfied until he found his old check book and compared them with the stubs therein. In our opinion,

the mere fact that plaintiff's brother obtained a check book from the bank (doubtless by misrepresentation) does not constitute negligence on the part of the bank. Under the circumstances, the bank could not reasonably be expected to assume that plaintiff's brother intended to commit forgery from the mere fact that he asked in plaintiff's name for a blank check book, especially when he signed his own name to the receipt.

As to plaintiff's third contention, we think the statute of 1921 (Cahill's St. ch. 16a, ¶ 22) cannot be given the effect claimed by plaintiff. The act provides, in substance, that no bank, which has paid and charged to the account of a depositor, any money on a forged check issued in the name of such depositor, shall be liable to such depositor for the amount paid thereon, "unless * * * within one year after the return to said depositor of the voucher representing such payment, said depositor shall notify the bank that the check so paid is forged." So far as we are advised, this statute has not yet been construed by the Supreme Court. Our own view of it is that the statute was not intended to add anything to the common-law liability of banks in such cases, but was intended to place a limit upon the time within which an action may be brought to recover money paid upon forged checks. Prior to that statute, the depositor's duty was to examine his bank statements and vouchers and to notify the bank of any forgery "without unreasonable delay." The statute does not change that duty on the part of the depositor, but bars all recovery from the bank unless such duty is performed within one year from the time the forged checks are delivered to him. There is nothing in the statute to indicate that it was designed to enable a depositor in such a case to remain silent for a year after the discovery of the forgery, which is the practical effect of plaintiff's contention.

Plaintiff also points out that no propositions of law were presented to the trial court to be marked

"Held" or "Refused," and contends that therefore the defendant is not in a position to question in this court the rulings of the trial court on questions of law. The contrary was held in *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162. We do not understand that the decision in that case as to the duty of the *Appellate* Court to review questions of law, even where no propositions of law have been presented, was overruled by the recent case of *Pressed Steel Equipment Co. v. Thornburgh Pressteel Co.,* 312 Ill. 359. The decision in the latter case concerns the practice in the *Supreme* Court in cases which come to that court *through the Appellate Court,* and overrules the former decision only "in so far as it departs from the previous decisions" concerning the practice of the Supreme Court in such cases. Both decisions cite with approval the case of *Bradish v. Yocum,* 130 Ill. 386, where it was held that in cases coming to the Supreme Court directly from the trial court, in which the Supreme Court "is authorized to pass both upon the facts and the law, * * * the inquiry is, did the facts, as they appear in the record, and the law, authorize the finding and judgment below?" The Appellate Court is in that situation in all nonjury cases coming to it for review.

For the reasons stated the judgment is reversed. As the case was tried by the court without a jury, the cause will not be remanded, but a finding of facts will be incorporated in the judgment of this court in favor of the defendant for costs.

*Reversed and judgment for defendant with a finding of facts.*

BARNES and GRIDLEY, JJ., concur.

Finding of facts. The court finds that, after the forged checks mentioned in the plaintiff's statement of claim were paid by defendant, they were charged to plaintiff's account and a statement thereof, with the canceled checks as vouchers, was sent by the defendant to the plaintiff; that the plaintiff then exam-

Illinois Cent. R. Co. v. Belson et al., 237 Ill. App. 425.

ined the same and discovered they were forgeries, but failed to notify defendant of that fact for six months thereafter, to the prejudice of the defendant; and that the defendant bank exercised reasonable care and caution in paying said forged checks.