GREENSBORO ICE AND FUEL COMPANY v. SECURITY NATIONAL BANK.

(Filed 15 June, 1936.)

1. **Banks and Banking F e—Evidence held not to disclose that corporation was negligent in failing to discover forgeries of its bookkeeper.**

   The evidence disclosed that plaintiff corporation employed its bookkeeper after investigation disclosing his character to justify such employment, that for a period of months the bookkeeper forged checks on the corporation's account with defendant bank, and obtained the canceled checks from the bank at the end of each month and destroyed the forged checks. *Held:* The bank may not resist recovery by the corporation of the amount paid on the forged checks on the ground that the corporation was negligent in failing to discover the forgeries, since the evidence discloses that the corporation used due care in employing its bookkeeper, and that one of his duties was to examine the bank's statement, and that the corporation was not, therefore, negligent in failing to have another employee also examine the statement for errors and forgeries.

2. **Same—Depositor must notify bank of forgeries within sixty days from receipt of bank's statement by depositor's authorized agent.**

   The receipt of a corporation's bank statement by the corporation's bookkeeper is receipt of the statement by the corporation, and the corporation may not recover against the bank for the payment of forged checks against its account when notice of such forgeries is not given the bank within sixty days after such receipt of the bank statement, C. S., 220 (h), even though the checks were forged by the bookkeeper, who destroyed them after he received the canceled checks from the bank.

APPEAL by plaintiff from *Rousseau, J.,* at January Term, 1936, of GUILFORD. New trial.

This is an action to recover the aggregate amount of certain checks set out in the complaint, which were drawn on and paid by the defendant, and subsequently charged by the defendant to the account of the plaintiff.

It is alleged in the complaint that plaintiff did not draw or authorize the payment of the checks set out in the complaint. This allegation is denied in the answer.

In further defense of the action the defendant alleges in its answer that if the checks set out in the complaint were not drawn by the plaintiff, and are forgeries, the forgeries were committed by Roy L. Smith, who was employed by the plaintiff as a bookkeeper, and that plaintiff failed to exercise due care in employing Roy L. Smith as a bookkeeper, and should be and is estopped by its negligence from recovering in this action for any loss which it has suffered by reason of the dishonesty of the said Roy L. Smith.

In further defense of the action the defendant alleges in its answer that the checks set out in the complaint, after they had been paid by the defendant and charged to plaintiff's account, were returned to the plaintiff marked "Paid," at the end of the month during which they were paid, and that plaintiff failed to exercise due care to discover that said checks were forgeries, and failed to notify defendant within a reasonable time after the return of said checks that they were forgeries, and should be and is estopped by its negligence from recovering in this action for any loss which it has suffered by reason of its failure to exercise due care to discover that said checks are forgeries, and to notify the defendant of such discovery.

In further defense of the action the defendant alleges in its answer that plaintiff failed to notify defendant within 60 days after the return of said checks that said checks were forgeries, and that for that reason under the provisions of C. S., 220 (h), the defendant is not liable to the plaintiff in this action.

It was admitted in the pleadings which were offered as evidence at the trial that checks drawn on the defendant were paid and charged to plaintiff's account by the defendant, as follows:

(1) Check dated 22 June,       1934, for..........$   33.00
(2) Check dated 30 June,       1934, for..........   100.00
(3) Check dated 10 July,       1934, for..........   140.00
(4) Check dated 30 July,       1934, for..........    95.25
(5) Check dated  4 August,     1934, for..........   200.00
(6) Check dated 13 August,     1934, for..........   150.00
(7) Check dated 21 August,     1934, for..........   218.02
(8) Check dated  6 September,  1934, for..........   150.00

(9)  Check dated 27 September, 1934, for..........$    62.35
(10) Check dated  9 October,   1934, for..........   200.00
(11) Check dated 13 November,  1934, for..........   200.00
(12) Check dated 27 November,  1934, for.... .....    50.00
(13) Check dated  4 December,  1934, for..........    45.00
(14) Check dated 10 December,  1934, for..........    93.03
                                                  ———————
       Total............... ..... ......... .................. ....$1,736.65

At the trial it was stipulated and agreed by the parties to the action that all of the checks set out in the complaint are forgeries; that the said checks were forged by Roy L. Smith, who at the time they were forged was employed by the plaintiff as a bookkeeper; and that at the end of each month during which said checks were paid and charged to plaintiff's account they were delivered by the defendant, with a statement of plaintiff's account, to Roy L. Smith, who destroyed said checks.

The evidence for the plaintiff showed that the secretary of the plaintiff, who had charge of plaintiff's business, did not check the statement of plaintiff's account with the defendant at the end of each month, and thereby ascertain whether the items charged on said account were supported by canceled checks returned by the defendant with said statement, and that plaintiff did not discover that said forged checks had been paid by defendant and charged to plaintiff's account, during the months of June, July, August, September, October, November, and December, 1934, until 14 December, 1934, and that immediately upon such discovery plaintiff notified defendant that said checks were not drawn by the plaintiff and demanded that defendant pay to plaintiff the aggregate amount of said checks. Upon such demand, the defendant refused to pay said amount.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff guilty of negligence which proximately contributed to the payment of the forged checks, as alleged? Answer: 'Yes.'

"2. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: 'Nothing.'"

From judgment that plaintiff recover nothing by their action, and that the defendant recover of the plaintiff the costs of this action, the plaintiff appealed to the Supreme Court, assigning errors in the trial.

*Sapp & Sapp for plaintiff.*
*Frazier & Frazier for defendant.*

CONNOR, J. Conceding without deciding that negligence on the part of the plaintiff, as alleged in the answer, would have estopped the plain-

tiff from recovery in this action, we are of the opinion that there was no evidence at the trial tending to sustain these allegations. The submission of the first issue and the instructions in the charge of the court to the jury with respect to said issue was error for which the plaintiff is entitled to a new trial.

The evidence showed that at the time plaintiff employed Roy L. Smith as its bookkeeper, plaintiff, through its officers, made due inquiry as to his character and qualification as a bookkeeper, and that the information disclosed by such inquiry justified his employment by the plaintiff. Plaintiff had no reason to suspect that its bookkeeper, Roy L. Smith, was a forger until 14 December, 1934, when an investigation of his accounts as recorded in plaintiff's books showed discrepancies in said accounts which led to the discovery that he had forged and collected from the defendant the checks set out in the complaint.

The evidence further showed that it was the duty of Roy L. Smith, as the bookkeeper of the plaintiff, to keep plaintiff's account with the defendant, and at the end of each month to call for and receive from the defendant the monthly statement of said account, together with all checks which had been paid by the defendant and charged to plaintiff's account during the preceding month. It was not the duty of the secretary or of any other officer of the plaintiff to examine said statement and canceled checks. Roy L. Smith was employed by the plaintiff for that purpose, and plaintiff relied on him to examine the said monthly statements and canceled checks, for the purpose of ascertaining whether or not there were any errors in the statements. The receipt by Roy L. Smith, as the authorized agent of the plaintiff, of the canceled checks paid by the defendant during the preceding month, at the end of the month, was the receipt of said checks by the plaintiff.

On all the facts admitted in the pleadings and at the trial, the liability of the defendant to the plaintiff in this action must be determined by the provisions of the statute (C. S., 220 [h]), which reads as follows:

"No bank shall be liable to a depositor for payment by it of a forged check or other order to pay money, unless within sixty days after the receipt of such voucher by the depositor he shall notify the bank that such check or order is forged."

Under the provisions of this statute, the defendant is not liable to the plaintiff for any of the forged checks set out in the complaint and paid by the defendant more than sixty days preceding 14 December, 1934. The defendant is liable to plaintiff for all said checks which were paid by the defendant within sixty days preceding 14 December, 1934.

The action is remanded to the Superior Court of Guilford County for a new trial in accordance with this opinion.

New trial.