McCORMICK, Appellant, v. THE RAPID CITY NATIONAL BANK, Respondent

(293 N. W. 819.)

(File No. 8348. Opinion filed September 13, 1940.)

Rehearing Granted December 6, 1940.

(See 67 S. D. 587, 297 N. W. 39.)

**Atwater & Helm,** of Sturgis, for Appellant.
**H. F. Fellows,** of Rapid City, for Respondent.

SMITH, P.J.   The plaintiff, an optometrist, has been a depositor in defendant Bank since April, 1934.   In October, 1937, he employed Marian DeGarlais as a part time office helper and clerk.   During the period from December of that year until June, 1938, Mrs. DeGarlais forged plaintiff's name as drawer on eleven checks all payable to herself and drawn on the defendant bank.   These checks were paid by defendant and charged to plaintiff's deposit account.   This action was brought to test the propriety of those charges. The trial court directed a verdict for the bank.   The plaintiff has appealed and assigns the direction of the verdict as error.

A deposit in a bank creates the relation of debtor and creditor between the bank and its depositor.   Calmenson Clothing Company v. First National Bank & Trust Co., 63 S. D. 338, 258 N. W. 555.   When the bank honors a check purporting to have been drawn by the depositor, it is elementary that it may charge the item to the deposit account if the check is genuine, and that such a charge is not warranted if it turns out that the signature of the depositor is forged.   Nevertheless, in case of payment of a forged check the bank may gain a defense against an action by the de-

positor seeking to recover the balance on his account if it has acted without negligence in paying the check, and the depositor has failed in the performance of certain duties to the bank. The law implies a duty on the part of the depositor to diligently examine the periodical statement of account and cancelled checks delivered to him by the bank, and to promptly notify the bank if his name has been forged on any of the checks returned. Good faith delegation of this work to a dishonest clerk does not relieve the depositor of this responsibility to the bank to see that the statement and checks are diligently examined and prompt notice given of anything an honest employee would have discovered through the exercise of ordinary care. If negligence in the performance of this implied duty results in detriment to the bank, and that damage has not been contributed to by the negligence of the bank in paying forged items involved, it may offset its damage in an action by the depositor. The damage to the bank may include the amount of like forgeries subsequently paid, which payments would have been prevented by diligent examination and timely notice. As indicated, to establish such a defense the bank must assume the burden of convincing the tryor of the fact that it was not negligent in making payment of the forged paper. These principles are not questioned on this appeal and find support in the authorities. 7 Am. Jur. 413; 9 C.J.S., Banks and Banking, § 356, 730 and 743; Michie on Banks and Banking, Vol. 5, Chapter 9, Section 284. The cases are collected in 15 A.L.R. 159, 67 A.L.R. 1121, and 103 A.L.R. 1147. Cf. 31 Yale Law Journal 598, 24 Col. L. Rev. 469, 64 U.S.L. Rev. 566, 18 Va. L. Rev. 774, and 33 Mich. L. Rev. 759.

■ Before these accepted principles may be applied herein, we are required to determine whether the implied duty of the depositor to the bank has been modified by SDC 6.0422. That section provides that: "No bank shall be liable to a depositor for the payment by it of a forged or raised check unless within three months after the return to the depositor of such check such depositor shall notify the bank that the check so paid was forged or raised." By its explicit provisions this section supplies the bank with a de-

fense against a depositor. The pertinent inquiry is, does it impliedly indicate an intention to substitute a statutory duty to examine the bank's statement of account and cancelled checks and notify the bank within three months of the date of delivery of the bank's statement for the duty implied by the courts to examine such statement and checks within a reasonable time and promptly notify the bank of forgeries? The principles of contract as applied to the relation of debtor and creditor, and the strict rule requiring a bank to evidence its freedom from negligence before it can defend on the ground of the depositor's negligence, have operated to supply the depositor with adequate protection. It has been suggested that this protection is over-adequate. Cf. 31 Yale Law Journal 598, supra. Therefore reason does not suggest that this legislation was prompted by a desire to improve the position of the depositor. The express words of the act indicate an underlying purpose to strengthen the defenses of the bank. That purpose must suffer defeat if the statute be interpreted as relieving the depositor of the reasonable necessity of acting with business promptitude and diligence in the premises. The measure of protection which' would be lost to a bank through such an interpretation would not be inconsiderable. Its depositors are an important source of protection against such losses. On such occasions time is vital. Three months delay in many cases would involve loss of all opportunity for recoupment as well as leaving the bank open to further loss through like forgeries. It would be unreasonable to believe that the Legislature intended· to relieve the depositor from all duty to act for such an extended period. We have concluded that it sought to fix a maximum time within which notice of forgery must be given to the bank, and to leave the common law duty of the depositor otherwise unimpaired. Ward v. First National Bank of Dexter, 224 Mo. App. 472, 27 S. W.2d 1066; Folsom v. Northern Trust Co., 237 Ill. App. 419; Denbigh v. First National Bank of Seattle, 102 Wash. 546, 174 P. 475; Greensboro Ice & Fuel Co. v. Security Nat. Bank, 210 N.C. 244, 186 S. E. 362.

██ Two additional rules have guided us in testing

the propriety of the directed verdict. We have viewed the evidence in the light most favorable to appellant. Commercial & Savings Bank v. Duitsman, 48 S. D. 534, 205 N. W. 379. We have been mindful that a verdict should not be directed if the evidence is such as to justify impartial minds in drawing different inferences therefrom. Hall v. Hall, 63 S. D. 343, 258 N. W. 491.

The plaintiff asserts that conflicts in the evidence required submission to a jury of two fact issues, viz.: (1) Was the plaintiff-depositor negligent in examining his statements and cancelled checks and in failing to promptly notify the bank of the forgeries, and (2) was the bank negligent in paying the forged checks.

That the plaintiff or his agent did regularly receive the bank's monthly statements and his cancelled checks, and that plaintiff was negligent in failing to give the bank prompt notice of the forgeries, is so conclusively established, and the record is so utterly free of conflict on that issue, that we do not feel justified in extending this opinion so as to include a statement of the evidence dealing with that aspect of the case. We therefore confine our discussion to the showing made with reference to the conduct of the bank in cashing the forged items.

This phase of the appeal presents a very narrow question. The system for detecting forgeries as set up by the bank is standard, and there is no room for reasonable difference of opinion on that score. The forgeries are admittedly such. The precise question for determination may be stated as follows: Does the record as made up disclose fair ground for controversy between impartial minds as to whether examining employees of the bank acting in the usual course of business in the exercise of ordinary care or diligence should have recognized any of the several signatures as forgeries?

The signature card of plaintiff, a number of plaintiff's genuine checks, and the forgeries, are in evidence. Witnesses for the bank expressed the opinion that the reproductions are so faithful that it would be impossible to detect the forgeries in the ordinary course of business. On the

other hand, a witness for the plaintiff, a banker of twenty years paying teller experience, while admitting the forgeries to have been skillfully executed, advanced the opinion that an experienced teller, by the exercise of ordinary care, should have "caught" the forgeries. This witness for the plaintiff pointed out elements of difference between the genuine and non-genuine signatures. Examination discloses some points of variance. However, the dissimilarity is not palpable. The issue is exceedingly close. Undoubtedly, the fact that the forgeries may be detected through extensive investigation and special examination by one whose suspicions have been aroused is not determinative. Bulakowski v. Philadelphia Saving Fund Soc., 270 Pa. 538, 113 A. 553. After careful consideration of the testimony of these witnesses and examination of the exhibits, we are not able to say that a verdict predicated upon the negligence of the bank would be without any substantial support in the evidence. It follows, therefore, that we are of the opinion that the learned trial court erred in taking that issue from the jury in so far as it deals with items falling without the reach of SDC 6.0422, supra.

In our opinion, other contentions made by appellant do not merit discussion.

The judgment and order of the trial court are reversed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.

POLLEY, J., not sitting.