In Re BETHKE'S ESTATE

(2 N. W.2d 686.)

(File No. 8486. Opinion filed March 4, 1942.)

**Tom Kirby** and **M. T. Woods**, both of Sioux Falls, for Appellant Western Surety Co.

**R. D. Jones**, of Milbank, for Appellant, Esther R. Little.

**Thomas Mani**, of Milbank, and **Victor J. Michaelson**, of St. Paul, Minn., for Respondent.

RUDOLPH, P. J.   Ernestine Bethke died in November, 1933.   The deceased left a purported last will and testament, wherein Esther Little was named as executrix.   Over objections, the County Court admitted the will to probate.   An appeal was taken to the Circuit Court and the Circuit Court, after rather lengthy proceedings, made an order denying admission of the will to probate, which order was affirmed by this court in the case of In re Bethke's Estate, 66 S. D. 444, 285 N. W. 305.   Following this decision, an administrator was appointed in the Ernestine Bethke Estate, and Esther Little, who had been acting under the order of the County Court, pending the appeal proceedings, was required to, and did, make a final report and account of her actions in administering the said estate.   This present proceeding concerns certain objections made to the report filed by Mrs. Little.   The trial court determined that Mrs. Little was indebted to the estate in the amount of $5,810.39, inclusive of

interest, which indebtedness arose, the trial court found, from the handling by Mrs. Little, of certain certificates of deposit in the Farmers and Merchants Bank of Revillo.

Other disputes regarding the report were at issue before the trial court, but upon this appeal, the only dispute relates to the certificates of deposit. The facts, with reference to the issue here presented, are substantially as follows:

The husband of Ernestine Bethke died in 1928. At the time of his death, he had on deposit in the Revillo bank, the money represented by the certificates of deposit, about which this dispute centers. Esther Little was appointed administrator of the husband's estate, which was distributed in its entirety, to Ernestine Bethke, the surviving wife. During the administration of this estate, and thereafter during the intervening years between the death of Mr. Bethke and Mrs. Bethke, Esther Little proceeded to deal with the certificates of deposit by either having them renewed, payable either to her or Mrs. Bethke, or having them cashed and deposited in the Ernestine Bethke account carried in the Revillo bank.

Prior to the death of Mrs. Bethke, all of these certificates were finally cashed and the money credited to Mrs. Bethke's account. After this money was credited to the account of Mrs. Bethke in the bank, Mrs. Little proceeded to draw checks thereon, signing the checks substantially as follows: "Ernestine Bethke by Esther Little."

It is conceded in the record that Esther Little was without written authority from Mrs. Bethke to sign Mrs. Bethke's name on either the certificates of deposit or the checks. There was testimony introduced on behalf of Mrs. Little to establish that Ernestine Bethke, following the death of her husband, entrusted the management of her property to Mrs. Little and at least a part of the proceeds derived from the certificates of deposit, were used by Mrs. Little in the connection with the management of Mrs. Bethke's property for the purposes of paying taxes thereon, improving and repairing the property, and other purposes. Also that a portion of the money derived from these certificates was used for the

personal support and benefit of Mrs. Bethke. The trial court made no finding upon the issue presented by this testimony, but decided the case simply upon the basis that Mrs. Little was without written authority to place the signature of Mrs. Bethke upon the certificates or checks, and being without such written authority, was liable to Mrs. Bethke and her estate, without regard to the disposition of the money by Mrs. Little.

The trial court found, and for the purposes of this opinion, we may accept such finding, that Mrs. Bethke could neither read nor write, was unable to conduct her business affairs, and was wholly dependent upon the aid and assistance of friends and relatives in the transaction of business matters. It is undisputed in the record that for many years prior to the death of Mrs. Bethke, Mrs. Little had been a close neighbor and friend of the deceased.

Respondent, in this court, attempts to justify the judgment entered under the provision of Sec. 1723, R. C. 1919, which was the Code provision in effect at the time Mrs. Little signed the certificates and checks in question. This provision of our Code provided: "The signature of any party may be made by an agent duly authorized in writing. No particular form of written appointment is necessary for this purpose."

Construing this provision in the case of State Bank of Alcester v. Weeks, 45 S. D. 639, 189 N. W. 941, this court held that an agent's authority might be established only by a writing conferring such authority. It is respondent's position, and it was the position of the trial court, that since Mrs. Little was without written authority to sign Mrs. Bethke's name to the certificates of deposit and the checks, such signatures were placed thereon without legal authority, and that it followed, as a matter of law, that Mrs. Little became indebted to Mrs. Bethke in the amount of the proceeds of the checks when she withdrew the money deposited to Mrs. Bethke's account from the bank.

■■ We are unable to accept this conclusion. No indebtedness was created when Mrs. Little endorsed the

certificates and had them deposited to the credit of Mrs. Bethke. Mrs. Bethke's credit in the bank was simply changed from one form of deposit to another. It is well established that a deposit in a bank creates the relation of debtor and creditor between the bank and its depositor. Calmenson. Clothing Co. v. First National Bank & Trust Co., 63 S. D. 338, 258 N. W. 555; McCormick v. Rapid City National Bank, 67 S. D. 444, 293 N. W. 819.

██ A bank honoring a check drawn by the depositor may charge it to the depositor's account. However, a drawee bank paying a purported check of a depositor on a forged or unauthorized signature, is held to have paid it out of its own funds and cannot charge the payment to the depositor's account. McCormick v. Rapid City National Bank, supra. It necessarily follows, under the findings of the court, that when Mrs. Little signed the name of Mrs. Bethke and withdrew from the bank the funds deposited to Mrs. Bethke's account, she obtained none of Mrs. Bethke's money whatsoever, but obtained thereby the funds or money of the bank, and no indebtedness arose by virtue of this transaction, against Mrs. Little and in favor of Mrs. Bethke.

Just what the rights of respondent are, we need not now determine. We hold simply that no indebtedness in favor of Mrs. Bethke against Mrs. Little might be predicated upon the findings of the trial court, which go only to the extent of determining, and we quote from the court's findings: "* * * that each and every act of Esther R. Little in endorsing the name of Ernestine Bethke upon such certificates of deposit was without lawful and written authority and that each and every check issued by Esther R. Little upon the account of Ernestine Bethke during her lifetime wherein and whereby Esther R. Little signed the name of Ernestine Bethke upon such certificates was without legal or written authority from Ernestine Bethke."

The judgment appealed from is reversed.

POLLEY, ROBERTS, and WARREN, JJ., concur.

SMITH, J., not participating.