FLAHERTY BROS., Respondents v. BANK OF KIMBALL, Appellant

(68 N. W.2d 105)

(File No. 9400. Opinion filed January 19, 1955)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

**Hitchcock, Nichol & Lassegard,** Mitchell, **Donald J. Porter,** Chamberlain, for Plaintiffs and Respondents.

ROBERTS, J.    This action was brought by Tom and Pat Flaherty to recover from defendant Bank of Kimball the amount of twelve allegedly forged and altered checks and charged to their account.    Plaintiffs had for many years prior to the commencement of this action maintained a checking account in the name of Flaherty Bros. with defendant bank. Four of these checks were made payable to Robert Jira and eight to Harold Harrington.    Each of the checks drawn on the account of the plaintiffs was dated and allegedly raised in the amounts as indicated, namely, April 7, 1952, $18 to $2,700.38; April 14, 1952, $50 to $250; April 14, 1952, $50 to $850; April 19, 1952, $18 to $1,800; April 26, 1952, $18 to $850; May 5, 1952, $19 to $970; May 10, 1952, $18 to $1,200.72; May 13, 1952, $50 to $650; May 19, 1952, $18 to $1,764; May 30, 1952, $18 to $1,800; June 9, 1952, $18 to $1,400.76; and June 12, 1952, $50 to $650.    Monthly statements were prepared and forwarded to plaintiffs by mail together with canceled checks during the first week of each following month.    The April 1952 statement included six of these checks, the May statement four, and two of the checks were paid in June. September 2, 1952, plaintiffs made written demand that the aggregate amount of the checks be credited to their account. The bank denied liability and plaintiffs commenced this action.    The bank defended on the grounds that plaintiffs were negligent in failing to examine the monthly statements and to notify the bank of the forgeries and alterations within a

reasonable time or the time allowed by statute; that the bank had fully performed its obligations by payment; that plaintiffs ratified any checks in fact forged or raised; and that each monthly statement delivered to the plaintiffs constituted an account stated. The cause was tried before a jury and a verdict was rendered against the bank for $14,540.86. From the judgment entered on the verdict, the defendant bank has appealed.

■ The relationship between depositor and bank is, in the absence of special arrangement, that of creditor and debtor. Calmenson Clothing Co. v. First National Bank and Trust Co., 63 S.D. 338, 258 N.W. 555; In re Bethke's Estate, 68 S.D. 387, 2 N.W.2d 686. The duty of a bank to its depositors rests upon an implied contract. It must honor such checks as the depositor may draw upon it when his balance is sufficient and not suject to a lien or claim. On the other hand, the bank may only pay upon the signature of the drawer and the bank must bear the loss for paying a forged or altered check if the conduct of the drawer has not contributed to induce payment and it is no defense that the bank made investigation and exercised prudence and good judgment. The liability results from the contractual obligation. The depositor may be made to suffer the loss if his negligence proximately caused the bank to pay. However, as recently said in McCormick v. Rapid City Nat. Bank, 67 S.D. 444, 293 N.W. 819, the bank must show due diligence in making payment before it can assert such defense.

■ It is a well settled rule that a depositor owes the duty to his bank to use ordinary care in examining checks and statements of account accompanying them and if they disclose forgeries or alterations to report them within a reasonable time to the bank. Detroit Piston Ring Co., v. Wayne County & Home Sav. Bank, 252 Mich. 163, 233 N.W. 185, 75 A.L.R. 1273; Basch v. Bank of America Nat. Trust & Sav. Ass'n, 22 Cal.2d 316, 139 P.2d 1; Glassell Development Co. v. Citizens' Nat. Bank of Los Angeles, 191 Cal. 375, 216 P. 1012, 28 A.L.R. 1427.

■ Defendant argues for a modification of the rule in the McCormick case, supra. While agreeing generally with

the statement of principles therein, the defendant bank appears to contend that it having affirmatively proved that plaintiffs failed to exercise due care in the preparation of the checks which they delivered to Jira and Harrington and in examining the statements returned to them and the canceled checks and reporting within a reasonable time the discrepancies therein to the bank established its defense as a matter of law. It is claimed that the accounts of these forgers were sufficiently large that substantial recoupments could have been had if plaintiffs had not failed in their duty to the bank. This is not a tort action determinable in all its phases upon doctrines applicable to negligence. Because of its primary contractual obligation the bank became liable if it was negligent in the performance of its duty. It was incumbent upon it to show that it exercised due diligence in its transactions before it could put in issue the alleged negligence of the plaintiffs. As was well expressed in Wussow v. Badger State Bank of Milwaukee, 204 Wis. 467, 234 N.W. 720, 721, 236 N.W. 687, wherein it appears that the plaintiff depositor made no examination of the returned checks: "If due care on the bank's part would have discovered the forgeries without the aid of the plaintiff, the bank cannot then escape its contractual liability merely because the plaintiff was also negligent. In such case the bank does not pay because previous forgeries were not reported to it. It pays because on its own negligent inspection it supposed the checks were genuine." See also Basch v. Bank of America Nat. Trust & Sav. Ass'n, 22 Cal.2d 316, 139 P.2d 1; Leather Manufacturers' Nat. Bank v. Morgan, 117 U.S. 96, 6 S.Ct. 657, 29 L.Ed. 811; Critten v. Chemical Nat. Bank, 171 N.Y. 219, 63 N.E. 969, 57 L.R.A. 529; R. H. Kimball, Inc. v. Rhode Island Hospital Nat. Bank, 72 R.I. 144, 48 A.2d 420; Foutch v. Alexandria Bank & Trust Co., 177 Tenn. 348, 149 S.W.2d 76; 7 Am.Jur., Banks, § 516.

■ We have examined the evidence in the light of these principles. We cannot say when the evidence is considered most favorably to the plaintiffs that the only reasonable conclusion that can be drawn is that the defendant bank had shown itself free of negligence in the first instance in paying the checks and that payments resulted because of the

negligence of the plaintiffs. The jury might reasonably have found that the checks were complete when signed by Tom Flaherty and that each of the checks was altered or raised. The negligence of the plaintiffs in failing to examine the monthly statements and canceled checks is undeniable and if the discrepancies appearing in the first statement had been promptly reported the subsequent payments would not have been made. It also appears that some of the checks were drawn in such a lax and unbusinesslike manner as to be easily alterable. The jury, however, could reasonably have found that the bank's failure to exercise due care to discover the alterations was the proximate cause of the resulting loss. The evidence indicates that due care and skill on the part of the bank's officers and employees would have detected some of the alterations. It was admitted by an officer of the bank that a majority of the checks were shown by defendant's tellers to the manager or the cashier at the time the checks were presented for payment because Jira and Harrington "were getting money they shouldn't be getting." Without detailing the evidence, it will suffice to state that there were circumstances which would naturally excite such suspicion in the minds of bank officers. In view of the conclusion of the jury as to the negligence of the bank in the first instance, the conduct of plaintiffs in the absence of statutory requirements would not defeat recovery.

■ Defendant contends, however, that irrespective of negligence the failure of the plaintiffs to give notice in compliance with the provisions of SDC 6.0422 absolved the bank of all liability as to the checks returned with the April 1952 statement. This statute provides that "No bank shall be liable to a depositor for the payment by it of a forged or raised check unless within three months after the return to the depositor of such check such depositor shall notify the bank that the check so paid was forged or raised." Among the acts of negligence as previously stated capable of estopping a depositor from recovering from his bank for its payment of a forged or raised check is his failure to report to the bank in a reasonable time the forgery or alteration. There is no arbitrary standard in the absence of statute as to the length of time within which a depositor after the return to

him of a forged or raised check charged to his account must notify the bank thereof. The issue of timeliness is ordinarily resolved from the attendant facts and circumstances in a particular case. In McCormick v. Rapid City Nat. Bank, supra, it was held that Section 6.0422 fixes the maximum time within which notice in such instance must be given and was not intended to relieve the depositor of the duty to give timely notice within the period therein prescribed.

Defendant asserts that when the statute is applied to the undisputed facts in the instant case it is apparent that the bank is not liable on the six checks paid on April 7, 1952, to and including May 5, 1952, and returned to plaintiffs with the first monthly statement; that the statute requires specific notice within the time prescribed to the bank of the checks as to which forgery or raising is claimed. It cannot be successfully argued that the letter referred to in the record as Exhibit 34 was notification in conformity to the provisions of Section 6.0422. The state's attorney of Brule County in this letter dated July 11, 1952, and addressed to an officer of the defendant bank stated that he had information "to the effect that a number of checks cashed by the Bank of Kimball over the period of about one year last passed, most of which however are in the month of April and May of 1952, on the above account (Tom and Pat Flaherty), payable to Robert Jira and others payable to Harold Harrington, are forgeries." The statute contemplates that specific notice be given pointing out to the bank the check or checks as to which forgery or raising is claimed. The question presented is whether or not a bank is relieved of liability irrespective of its knowledge of the facts or negligence in the first instance if a depositor fails to give notice in conformity with this statute. In Herbel v. Peoples State Bank of Ellinwood, 170 Kan. 620, 228 P.2d 929, 934, construing a similar statute, the court said "that the bank was not liable unless the depositor notified the bank in conformity to the provisions of the statute. And such nonliability of the bank resulted by virtue of the stautes irrespective of the bank's negligence. That is the clear legislative mandate and the courts are bound by it." The McCormick v. Rapid City Nat. Bank case impliedly recognizes that such is the effect of the statute. See also 9 C.J.S., Banks

and Banking, § 356d, (3); Greensboro Ice & Fuel Co. v. Security Nat. Bank, 210 N.C. 244, 186 S.E. 362. The defendant bank is not liable on the six checks paid on and prior to May 5, 1952.

The defendant contends that the court erred in charging the jury. Objections are directed to an instruction wherein the court charged that if the jury found that certain canceled checks returned with the first monthly statement were forged or raised and that plaintiffs failed to notify the bank of the claimed forgeries or alterations the bank nevertheless would be liable on the theory that as to those checks no negligent act or conduct of the plaintiffs could have induced payment. In view of the disposition we have made of the question of the effect of the statute where a depositor fails to notify the bank within three months after return of a check that the same was forged or raised it becomes unnecessary to consider this instruction.

■■■ The court instructed the jury that a "material alteration is defined as a changing of the amount in figures, or the amount in words, or the name of the payee, or the date of the check so that another or an additional amount, or name or date appears on the check in the place of the amount or name or date originally appearing thereon at the time of the delivery of the check". Defendant concedes that in general this is a correct definition of a material alteration, but asserts that it had no application in the instant case where the only issue with respect to alteration was whether amounts had been raised. Assuming that defendant is correct in this contention, we think that defendant was not prejudiced thereby and that the giving of the instruction at most could only be regarded as harmless error.

■■■ It is claimed that the trial court should have declared a mistrial because of misconduct of counsel. Plaintiff sought to introduce in evidence the files in the criminal actions wherein Robert Jira and Harold Harrington were sentenced to imprisonment in the penitentiary. The court told the jury to disregard the offers and in submitting the issues instructed the jury that there was no evidence that either Jira or Harrington admitted altering, raising or forging any

of the checks which were the subject of the action. We cannot assume that the jury failed in its duty to heed the admonition and instruction of the court. If there was error, we are convinced that it was rendered harmless.

The judgment below is reversed and the cause is remanded with directions to enter judgment in favor of plaintiffs for the amount of $7293.48 together with interest and costs of the action in the trial court. No costs to be taxed on appeal.

All the Judges concur.