Joseph S. Gerber, Director of Insurance of State of Illinois, as Liquidator of United States Mutual Insurance Company, Appellant, v. Continental Illinois National Bank and Trust Company of Chicago, a national banking association, Appellee.

Gen. No. 47,089.

First District, Second Division.

January 7, 1958.

Released for publication April 2, 1958.

Albert E. Jenner, Jr. and Prentice H. Marshall, of Chicago, for Joseph S. Gerber.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Frank D. Mayer, Louis A. Kohn, and Dwight W. Fawcett, of counsel) for defendant-appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is the second appeal in this action, which began as an accounting suit by United States Mutual Insurance Company, called company herein, against former directors and officers. The director of insurance of the state of Illinois was appointed liquidator of the company after suit was filed and was substituted as plaintiff. He filed an amended complaint against defendant Continental Bank to recover $217,500, the amount of the check drawn against the company account, which he alleges Continental negligently paid unauthorized persons. The trial court entered "judgment on the pleadings," and plaintiff appealed. We reversed the judgment and remanded the cause for further proceedings (2 Ill.App.2d 70). After remandment and hearing, the trial court dismissed plaintiff's suit and again rendered judgment for Continental, and plaintiff has again appealed.

We reversed the original judgment in order to enable plaintiff to file a reply to Continental's answer and special defenses. The reply was filed but was stricken on Continental's motion, and the cause dismissed. The well pleaded allegations of the amended complaint and reply are therefore admitted.

May 4, 1949, the company had an active account at the Northern Trust Company, and on that day and on May 9, 1949, $225,000 was transferred from that account to the company's then inactive account with Continental. The day of the transfer of this sum, McFarling and Doolin presented a check for $217,500, drawn against the company account in Continental and payable to Insurance Investment Corporation. That sum was credited to the account of the payee corporation, which had that day (May 9) been opened in Continental. The company account was debited in a like amount. Thereafter two cashier's checks, totalling $200,000, were issued by Continental, one payable to Carl Barrett and the other to Evelyn Marks, at one time officers and directors of the company, and charged to the account of Insurance Investment Corporation.

When Continental paid the check presented by McFarling and Doolin, company resolutions and a signature card, giving authority for drawing company checks, were on file with Continental. McFarling and Doolin were not included in the authorization. They were, however, as shown in our prior opinion (2 Ill. App.2d 70, 77), later on the same day elected officers and directors to succeed Barrett and Marks, and were instructed to "execute appropriate resolutions" for Continental.

The reply admits that about May 31, 1949, Continental sent to the company "the vouchers representing the payment of the checks," and that neither plaintiff nor the company gave Continental notice of any

381

claimed forgery until suit was filed September 17, 1951. When the bank statement was sent to the company McFarling and Doolin were in control of the company, and able to suppress knowledge of the check transaction from the shareholders, who learned nothing of the transaction until the plaintiff was appointed in December 1950.

Plaintiff contends the check paid by Continental was not a forgery, but that if it were, Continental itself had notice of the forgery, and that the company also gave timely notice under the circumstances.

■ We think that our prior decision that the check was a forgery announced a conclusion of law and settled the question. Knowles Foundry & Machine Co. v. National Plate Glass Co., 301 Ill. App. 128, 152. Plaintiff asks us to reconsider that conclusion, but no reason has been shown, in the reply filed after remandment or otherwise, why we should do so. We are bound by the prior decision that the transaction was a forgery.

■ The Liability for Forged or Raised Checks Act (Ill. Rev. Stat., 1949, chap. 16½, par. 24), provided, so far as pertinent here: "No bank . . . which has paid and charged to the account of a depositor . . . a forged . . . check issued in the name of said depositor shall be liable to said depositor . . . unless . . . (2) . . . within one year after the return to said depositor of the voucher representing such payment, said depositor shall notify the bank that the check so paid is forged . . . ."

The theory of the amended complaint is that the bank negligently paid the check. The argument made here is that Continental had notice of the forgery. Plaintiff argues that by reason of its notice through the resolutions and signature card on file, his action is not barred for failure of notice under the Act.

The Supreme Court of Illinois has not construed the Act with respect to this precise point. The Supreme

382

Court of Kansas in Herbel v. Peoples State Bank of Ellinwood, 228 P.2d 929, 934, construed a similar Act on this point, and the Supreme Court of South Dakota in Flaherty v. Bank of Kimball, 68 N.W.2d 105, 109, also construed a similar Act with respect to the question whether "negligence" or "knowledge of the facts" affected the bar of a depositor's cause of action. Both courts decided that neither of those factors affected "the legislative mandate."

There is nothing in the Illinois Act which indicates that an exception is to be made if the "bank" had notice or was negligent in paying the forged check. It is interesting to note that the Georgia Act absolves the bank from liability only when the payment is made in "good faith." Cesaroni v. Savannah Bank & Trust Co., 82 S.E.2d 172, 174. That qualification is absent in the Acts of Illinois, Kansas and South Dakota.

■  In Manufacturers' Nat. Bank v. Barnes, 65 Ill. 69, relied on by plaintiff, the court held that the bank had knowledge that the checks it paid were improperly drawn, and that its defense of lack of notice by the depositor was not effective. That case was decided before the Act was adopted and did not construe the Act. The court in Illinois Tuberculosis Ass'n v. Springfield Marine Bank, 282 Ill. App. 14, 27, did not construe the Act either and, though decided when the Act was in effect, states the duty of depositor to ". . . report to the bank within a reasonable time . . . ." It is our view that the legislature intended to impose on depositors the burden of examining their bank statements and the duty of notifying the bank of any forgery, so that the bank could proceed to enforce restitution from the forger; and that the legislature intended this duty to be absolute, and purposely omitted any qualification contained in the cases, of whose existence we must presume they knew. We conclude that the plaintiff's action is barred if Continental

had itself complied with the Act even though, assuming but not deciding, Continental had notice or was negligent.

We see no merit in plaintiff's contention that its reply should not have been stricken because it alleged that McFarling and Doolin were in control of the company when the bank statement was received. In Shattuck v. Guardian Trust Co., 97 N. E. (N. Y. Court of Appeals) 517, 518, 519, receipt of the statement by a company officer, who knew of the forgery, was held sufficient. The same is true in Cesaroni v. Savannah Bank & Trust Co., 82 S.E.2d (Ga.) 172, 175. Plaintiff relies on Merchants' Nat. Bank v. Nichols & Shepard Co., 223 Ill. 41, which was decided on an agency principle. There, however, the court thought that there was no reason to expect that a guilty agent would send the bank passbook on to the depositor's officers. In the instant case the vouchers were received by the company through its officers. Plaintiff argues that because these officers were guilty parties, they concealed the facts from the policy holders. He does not suggest what Continental should have done with the vouchers so as to get the "facts" to the policy holders. Furthermore, when McFarling and Doolin received the vouchers for the company, they had themselves already been regularly elected officers and directors with authority to draw checks.

We have considered all the points raised, and we affirm the judgment.

Affirmed.

LEWE and MURPHY, JJ., concur.